**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CATHERINE CALLOWAY AND | : | |
| MICHAEL CALLOWAY, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| GREEN TREE SERVICING, LLC, | : | **NOTICE OF REMOVAL** |
| | : | |
| Defendant. | : | |

Pursuant to 28 U.S.C. §§1331 and 1441, Defendants, Green Tree Servicing, LLC ("Green Tree"), by their undersigned counsel, hereby remove this action, with an express reservation of all defenses, including jurisdictional defenses, from the Superior Court of the State of Delaware in and for Sussex County, to the United States District Court for the District of Delaware.

As grounds for this removal, Defendant states as follows:

1.      On or about March 13, 2008, Plaintiffs Catherine and Michael Calloway ("Plaintiffs") commenced this action by filing a Complaint ("Complaint") in the Superior Court of the State of Delaware in and for Sussex County, Docket No. 08C-03-011-RFS.  (A true and correct copy of the Complaint and all processes and pleadings served on Green Tree in this case are attached hereto as Exhibit "A" in the order that they were chronologically e-filed with the Superior Court).

2.      The complaint was served on Green Tree on April 1, 2008.

3.    A civil action for which a district court has original jurisdiction founded upon a claim or right arising under the laws of the United States is removable without regard to citizenship or residence of the parties.  28 U.S.C. § 1441(b).

4.    Removal is authorized when the well-pleaded allegations of the complaint raise an issue of federal law.  *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908), *overruled on other grounds*; *Smith v. Kansas City Title & Transfer Co.*, 255 U.S. 180 (1921).

5.    The Complaint asserts claims for violations of the Real Estate Settlement and Procedures Act ("RESPA"), Breach of Contract, The Delaware Consumer Fraud Act, Conversion, Negligence, and Breach of the Covenant of Good Faith and Fair Dealing.

6.    RESPA is codified at Title 12, Chapter 27 of the United States Code, 12 U.S.C. §§ 2601–2617.

7.    Where a cause of action within the jurisdiction of 28 U.S.C. §1331 is joined with additional, otherwise non-removable claims or causes of action, the entire case may be removed.  28 U.S.C. §1441(c).

8.    The Complaint is properly removed because it seeks to enforce a claim or right which may arise under RESPA, a law of the United States.  *See* 28 U.S.C. §§ 1331, 1441(b); 12 U.S.C. §§ 2601–2617.

9.    This Notice is timely, as it being filed less than thirty (30) days after service of the complaint on April 1, 2008.  *See* 28 U.S.C. 1446(b).

10.    A copy of this Notice will be filed with the Superior Court of the State of Delaware in and for Sussex County, as required by 28 U.S.C. § 1446(d).

11.    A copy of this Notice will be served upon plaintiff as required by 28 U.S.C. § 1446(d).

WHEREFORE, Green Tree Servicing, LLC hereby removes this action from the Superior Court of the State of Delaware in and for Sussex County to the United States District Court for the District of Delaware.  That Court shall proceed no further unless and until the case is remanded.

Albert H. Manwaring, IV (#4339)
Maria L. Panichelli (#5047)
PEPPER HAMILTON LLP
Hercules Plaza, Suite 5100
1313 N. Market Street
PO Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6514
Facsimile: (302) 421-8390
manwaringa@pepperlaw.com
panichellim@pepperlaw.com

Dated:  April 21, 2008

*Attorneys for Defendants Green Tree Servicing, LLC*

## CERTIFICATE OF SERVICE

I, Albert H. Manwaring, IV, hereby certify that on April 21, 2008, a true and correct copy of the foregoing Notice of Filing Notice of Removal was served via overnight mail upon the following:

Maggie Clausell, Esq.
Law Office of Maggie Clausell, LLC
9 E. Lockerman Street
Suite 205
Dover, DE 19901

Albert H. Manwaring, IV (#4339)

#9531893 v1

# EXHIBIT "A"

## (PART 1 OF 3)

EFiled: Mar 13 2008 6:00PM EDT
Transaction ID 18983427
Case No. 08C-03-011 RFS

COUNTY: N XK S          CIVIL ACTION NUMBER: _____

Civil Case Code CDBT_____          Civil Case Type DEBT/BREACH OF CONTRACT__
(SEE REVERSE SIDE FOR CODE AND TYPE)

| Caption: | Name and Status of Party filing document: PLAINTIFFS |
|---|---|
| CATHERINE CALLOWAY AND MICHAEL | CATHERINE AND MICHAEL CALLOWAY through |
| CALLOWAY v. GREEN TREE SERVICING LLC | Maggie Clausell, Esq. Attorney for Plaintiffs |
| | Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM) |
| | COMPLAINT |
| | JURY DEMAND   YES X   No ____ |
| | TRACK ASSIGNMENT REQUESTED (CIRCLE ONE) |
| | **EXPEDITED     STANDARD     COMPLEX** |

| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS |
|---|---|
| MAGGIE CLAUSELL | NONE |
| ATTORNEY ID(S): | |
| 4532 | |
| FIRM NAME: | EXPLAIN THE RELATIONSHIP(S): |
| LAW OFFICE OF MAGGIE CLAUSELL LLC | |
| ADDRESS: | |
| 9 E. LOOCKERMAN ST. STE. 205 | |
| DOVER, DE 19901 | |
| TELEPHONE NUMBER: | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |
| 3026787644 | |
| FAX NUMBER: | |
| 3026780771 | |
| E-MAIL ADDRESS: | |
| maggie@clausellaw.com | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 2/2008

EFiled:  Mar 13 2008  6:00PM EDT
Transaction ID 18983427
Case No. 08C-03-011 RFS

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE IN AND
FOR SUSSEX COUNTY

| | |
|---|---|
| CATHERINE CALLOWAY and<br>MICHAEL CALLOWAY, | *<br>* C.A. No. |
| | * |
| Plaintiffs, | * Non Arbitration |
| | |
| v. | * Jury Trial Demanded |
| | |
| GREEN TREE SERVICING, LLC | *PLAINTIFF REQUIRES THAT DEFENDANT |
| | *ANSWER ALL ALLEGATIONS OF THE |
| Defendants. | *COMPLAINT*BY AFFIDAVIT SETTING |
| | *FORTH THE SPECIFIC |
| | *NATURE AND CHARACTER OF ANY |
| | *DEFENSE AND THE FACTUAL BASIS |
| | *THEREFORE PURSUANT TO |
| | *10 DEL. C. §3901 |

## COMPLAINT

COME NOW, the Plaintiffs, CATHERINE CALLOWAY and MICHAEL CALLOWAY,  by and through their attorney Maggie Clausell, to make the following complaint:

1. Catherine and Michael Calloway, are adult individuals, husband and wife, who are both residents of the State of Delaware, residing at 514 King Street, Laurel DE 19956.

2. Greentree Servicing LLC  is a corporation organized under the laws of the State of Delaware whose principal place of business is 332 Minnesota Street, St. Paul, MN 55101, whose registered agent is The Corporation Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

3. Greentree Servicing LCC (hereinafter, "Green Tree") is a loan servicing company which conducts business nationwide, including services provided in the State of Delaware.

4. Plaintiffs refinanced their residence at 514 King Street (hereinafter, "the Residence") on or about October 9, 1996.

5. Plaintiffs are the current record owners of the Property as evidence by the deed recorded with the Recorder of Deeds for Sussex County Delaware at Book 1206, Page 261, a true and correct copy of which is attached hereto and incorporated herein as Exhibit "A".

6. On October 9, 1996 Plaintiffs executed a note with Green Tree Financial Services (hereinafter "Green Tree Mortgage"), agreeing to pay $125,000 plus interest.  A copy of the Note is attached hereto and incorporated herein as Exhibit "B".

7.      Additionally, Plaintiffs executed a mortgage (hereinafter, "Mortgage") with Green Tree on or about October 9, 1996.  A copy of the Mortgage is attached hereto and incorporated herein as Exhibit "C".

8.      The monthly payment and interest was $1285.98 with the first payment due on November 14, 1996.

9.      Plaintiff commenced payments under the terms of the note and mortgage on November 14, 1996.

10.     Green Tree Servicing LLC serviced the note from October 11, 1996  to 1999 when Conseco began servicing the loan.

11.     Conseco serviced the loan from serviced the loan from 1999 to June 2003.

12.     Green Tree resumed servicing the loan from 2003 to present.

13.     At all times Defendant acted through its authorized agents and employees.

<u>COUNT I</u>
<u>VIOLATION OF THE REAL ESTATE SETTLEMENT AND PROCEDURES ACT</u>

14.     Paragraphs 1-13 are incorporated by reference as if fully set out herein.

15.     The Plaintiffs issued written requests to Green Tree on several occasions including information in compliance with the Real Estate Settlement Procedures Action (hereinafter, "RESPA").

16.     The Defendants either failed to response to Plaintiffs or the responses provided less than full and fair disclosure of information, or failed to address the questions presented in the request.

17.     By failing to respond to the Plaintiffs' request for information regarding the servicing of their mortgage, Green Tree violated RESPA.

18.     As a result of Green Tree's violation, Plaintiffs have been unable to determine the true and correct balance and owing on their mortgage and have been subjected to repeated collections efforts from Green Tree.

19.     Plaintiffs also believe and aver that Green Tree has assessed unwarranted late fees, forced place insurance, and escrow advances to their account.

20.     Without a true and accurate accounting and payment history from Green Tree, Plaintiffs are unable to determine the extent of the actual damages they have incurred as a result of Green Tree's failure to respond to their qualified written requests.

2

**COUNT II**
**BREACH OF CONTRACT**

21.   Paragraphs 1-20 are set out as if fully set out herein.

22.   Plaintiffs made mortgage  payments for the months of November 1996, December 1996, January 1997, February, March, April, May, and June 1997.

23.   Defendant failed to credit Plaintiffs for any of these payments totaling $10287.64 (Exhibit D)

24    Defendant failed to credit Plaintiffs mortgage payments of August  1997 and October 1997.

25.   Defendant wrongfully alleged that Plaintiffs were two months behind in their mortgage payments for August and September 1997.

26.   Plaintiffs entered into an extension agreement on October 8, 1997 and paid $424.37 for the extension agreement and $321.46 in late fees.

27.   Defendant failed to credit Plaintiff's check number 3658 for $1086.27

28.   Defendant failed to credit Plaintiffs' Western Union payment of May 15, 2001.

29.   On May 28, 2001 Plaintiffs executed forbearance agreement with Conseco. Plaintiffs paid an extension charge of $108.00 and late fees totaling $1471.94, and a return check fee of $143.54.

30.   On February 28, 2002 Plaintiffs paid a total of $1962.80 for an extension agreement.

31.   In February 2006 Plaintiffs learned that Green Tree had major errors in calculating the interest payments reported on the Form 1098 creating a significant potential tax liability (Exhibit E).

32.   In February 2006 Defendant advised Plaintiffs that all their Form 1098 from 1996 to 2005 would have to be revised after the Plaintiffs had filed their taxes for each of those years..

33.   Defendant purchased forced place insurance for Plaintiffs even though Plaintiffs had insurance at all times.

34.   Upon information and belief, Defendant has failed and refused to apply the amounts paid by the Plaintiffs accurately and timely.

35.   As a result of Defendant's failure to accurately and timely apply payment made, the Plaintiffs have been subjected to foreclosure notices and additional fees being added to their account.

36.    Green Tree's actions and inactions as outlined above constitute a breach of the contract

3

between the parties.

37.     Green Tree had an obligation under the contract to accept and apply payments as they became due.

38.     Green Tree's breach was material as it failed to perform a material obligation under the contract.

39.     As a result of said breach, the Plaintiff's have incurred damages for payments and assessments to their account of unwarranted fees, foreplaced insurance, escrow advances and extension fees.

40.     Plaintiff's damages were foreseeable as a result of Defendant's breach.

41.     In addition to the missing payments, and the accrued interest on those funds, without a true accounting and payment history from Green Tree, Plaintiffs are unable to determine the extent of the damages they have incurred as result of Green Trees failure to apply al payments and imposition of unwarranted fees and forced extensions by the Defendant.

<u>COUNT III</u>
<u>VIOLATION OF DELAWARE CONSUMER FRAUD ACT</u>

42.     Paragraphs 1-41 are incorporated by reference as if fully set out herein.

43.     Plaintiffs allege that Defendant violated 6 <u>Del</u>. <u>C</u>. § 2513 by failing to respond to Plaintiffs' request for information on their account, by failing to properly credit payments to their account, and by fraudulently representing that they were behind in payments that had not been properly credited.

<u>COUNT IV</u>
<u>CONVERSION</u>

44.     Paragraphs 1-43 are incorporated by reference as if fully set out herein.

45.     Plaintiffs allege that Defendant wrongfully converted its mortgage payments to its own use when it failed to properly apply those payments to Plaintiff account after Plaintiffs made such a demand on the Defendant.

4

<u>COUNT V</u>
<u>NEGLIGENCE</u>

46.    Paragraphs 1-45 are incorporated by reference as if fully set out herein.

47.    Plaintiffs allege that Defendant had a duty to properly credit all payments made toward the loan.

48.    Plaintiffs allege that Defendant breached that duty when it failed to credit all the payments made by Plaintiffs.

49.    As a result of Defendant's breach, Plaintiffs incurred late fees, were subjected to abusive debt collection practices, were coerced into expensive extension agreements which added significantly to the cost of the loan, and suffered humiliation and embarrassment as a result of negative or derogatory information being reported by Green Tree to the credit reporting agencies.

50.    As a result of Defendant's breach, Plaintiffs' rating suffered and Plaintiff has not been able to refinance their home.

<u>COUNT VI</u>
<u>BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING</u>

46.    Plaintiffs allege that Defendant breached the covenant of good faith and fair dealing implicit in all Delaware contracts when it failed to properly credit all of the Plaintiffs' payments.

WHEREFORE NOW, the Plaintiffs request the Court to enter judgment in the amount of $125,000 in actual damages, attorney fees, costs, and $2,000,000 in punitive damages.

LAW OFFICE OF MAGGIE CLAUSELL, LLC
/s / Maggie Clausell

_____
Maggie Clausell, Esq.
Bar ID #4532
9 E. Loockerman Street, Ste. 205
Dover, DE 19901
302-678-7644 (voice)
302-678-0771 (fax)

Date: <u>March 13, 2008</u>

5

EFiled:  Mar 13 2008  6:00PM EDT
Transaction ID 18983427
Case No. 08C-03-011 RFS

# EXHIBIT A

5302                              BOOK 1206 PAGE 261

# This Deed, Made this ___ 30th ___

-------- day of ---------- August ----------- in the year of our
Lord one thousand nine hundred and eighty-three,
BETWEEN FRANCES P. HASTINGS and ELLEN P. LANDON, of 123
Sharptown Road, Laurel, Delaware, 19956, parties of the first part,

- AND -

MICHAEL B. CALLOWAY and CATHERINE L. CALLOWAY, his
wife, of 514 King Street, Laurel, Delaware, 19956, parties of the second
part,

**Witnesseth,** That the said parties    of the first part, for and in consideration of
the sum of  TWELVE THOUSAND AND NO/100 DOLLARS ($12,000.00)-------------------
Current Lawful Money of the United States of America and other good and valuable considerations,
the receipt whereof is hereby acknowledged, hereby grant    and convey    unto the said parties
of the second part, their heirs and assigns:

ALL that certain lot, piece, or parcel of land lying and being
situate in the Town of Laurel, Little Creek Hundred, Sussex County, State
of Delaware, lying on the Northwest side of King Street adjoining lands
now or formerly of Ellen P. Landon, lands now or formerly of Elsie W.
Palmer and lands now or formerly of James E. Young, Jr., and being more
particularly described as follows, to wit:

BEGINNING at a pipe set on the Northwesterly right-of-way line of
King Street, said pipe being a corner for the lands herein and lands now
or formerly of James E. Young, Jr. and being situate 740 feet more or
less from the right-of-way of 4th Street; thence along and with the
Northwesterly right-of-way line of King Street and the line of the lands
herein, South 32 degrees 40 minutes 00 seconds West 50 feet to a concrete
monument, said concrete monument being a corner for the lands herein and
lands now or formerly of Ellen P. Landon; thence turning and running
along and with the line of the lands herein and lands now or formerly of
Ellen P. Landon, North 57 degrees 20 minutes 00 seconds West 200 feet to
a concrete monument; thence turning and running along and with the line of the
lands herein and lands now or formerly of Elsie W. Palmer North 32
degrees 40 minutes 00 seconds East 50 feet to an axle, said axle being a
corner for the lands herein and lands now or formerly of James E. Young,
Jr.; thence turning and running along and with the lands herein and
lands now or formerly of James E. Young, Jr., South 57 degrees 20 minutes
00 seconds East 200 feet to a pipe on the Northwesterly right-of-way of
King Street being the point and place of beginning and said to contain
10,000 square feet of land more or less together with all improvements
thereon. The description herein was derived from a survey prepared by
Miller-Lewis, Inc., Registered Land Surveyors, on August 1, 1983.

BEING all of the same lands devised unto Frances P. Hastings, one
of the above-named Grantors herein, by Article X of the Last Will and
Testament of Howard J. Penuel, which is filed for record in the Office
of the Register of Wills, in and for Sussex County, at Georgetown, Delaware,
in Will Book 84, page 580.  The said Howard J. Penuel died testate on
or about March 30, 1977.

ALSO BEING a part of the same lands devised unto the Grantors herein,
Frances P. Hastings and Ellen P. Landon, by Article XIII of the Last Will
and Testament of Howard J. Penuel which is filed for record aforesaid, in
Will Book 84, page 580.

BOOK 1,206 PAGE 262

LANDS OF
ELSIE W. PALMER
N50/80
N 38°-40'-00"E  55.00'

LANDS OF
ELLEN P. LAUGHN
W.B 84/580

LANDS OF
JAMES E. HUGHS, JR.
HCR/309

10,000 SQ.FT.
(MORE OR LESS)

DWELLING

S 36°-40'-00"W  50.00'

"THIS PLATTED AREA
IS NOT WITHIN THE
JURISDICTION OF THE
COUNTY   PLANNING
AND ZONING COMMIS-
SION   D.N.T.
8/30/83

C. KING STREET

LANDS TO BE CONVEYED TO

## MICHAEL S. & CATHERINE L. CALLOWAY

TOWN OF LAUREL
LITTLE CREEK NO.    SUSSEX COUNTY,
STATE OF DELAWARE
SURVEYED BY: MILLER
LEWIS, INC.
SEAFORD, DE.
DRAWN BY: D.G. MILLER
AUG. 1, 1983

9-32-1.07-3.16

☐ CONC. MON. (SET)

BOOK 1206 PAGE 263

In Witness Whereof, the said parties of the first part have hereunto set their hands and seals the day and year aforesaid.

Signed, Sealed and Delivered
in the presence of:

_Frances R. Knoll_                _Frances P. Hastings_ (SEAL)
Witness                           Frances P. Hastings

_Frances R. Knoll_                _Ellen P. Landon_ (SEAL)
Witness                           Ellen P. Landon

*State of Delaware*
STATE TAX DEPT. • SUSSEX
REALTY TRANSFER TAX  2 4 0 . 0 0

PURCHASERS HEREBY MADE
this _31st_ day of _August_, 1983
ASSESSMENT DIVISION OF SUSSEX COUNTY

STATE OF DELAWARE }
                   } SS.
COUNTY OF SUSSEX   }

BE IT REMEMBERED, That on this _20th_ day of _August_ in the year of our LORD, one thousand nine hundred and eighty-three personally came before me, The Subscriber, a Notary Public for the State and County aforesaid. FRANCES P. HASTINGS and ELLEN P. LANDON

Parties to this Indenture known to me personally to be such, and they acknowledged this Indenture to be their Deed.
GIVEN under my Hand and Seal of Office, the day and year aforesaid.

RECEIVED
MARY ANN _____                _Elizabeth R. _____
                                   NOTARY PUBLIC
'83 AUG 30 PM 3:13

RECORDER OF DEEDS
SUSSEX COUNTY

LAW OFFICES
TURNELL & WINDSOR
GEORGETOWN, DEL.

EFiled: Mar 13 2008 6:00PM EDT
Transaction ID 18983427
Case No. 08C-03-011 RFS

# EXHIBIT B



MORTGAGE                    SERVICES
*A Division of Green Tree Financial Servicing Corporation*

10/14/96

MICHAEL CALLOWAY
514 KING STREET
LAUREL, DE 199560000

RE:    Loan # 10000156
       Subject Property: 514 KING STREET
                         LAUREL,DE

Dear  MICHAEL CALLOWAY / CATHERINE L. CALLOWAY

Green Tree Mortgage Services, of Rapid City, South Dakota, is pleased to welcome you as our new mortgage loan customer.  We are servicing your loan which originated in our Livonia office.

Our records show that the current terms of your loan are as follows:

|  |  |
|---|---|
| Principal balance: | $125,000.00 |
| Payment amount (principal & interest): | $1,285.98 |
| Due date of first payment: | 11/14/96 |

If your records disagree with the above information, please contact our Mortgage Service Center at the toll free number listed below.

We will be experiencing a transition of the servicing of your loan, however, until further notification, please forward all monthly payments to the following address:

GreenTree Mortgage Services
P.O. Box 6150
Rapid City, SD  57709

We will be sending you a monthly statement.  If your statement does not arrive prior to your first due date, please remit your payment to the above address and reference your loan number on your check or money order.

Should you have any questions regarding any of the above, please contact our customer service department at the above address, or call 1-800-330-5183, 8:00am - 6:00pm Central Standard Time.  Again, we welcome you to GreenTree Mortgage.

Sincerely,
Customer Service Department
Green Tree Mortgage Services

| | | |
|---|---|---|
| MICHAEL S CALLOWAY<br>CATHERINE L CALLOWAY<br><br>514 KING ST<br>LAUREL, DE 19956<br><br>**BORROWER'S NAME AND ADDRESS**<br>"I" includes each borrower above, joint and severally. | Green Tree Financial<br>Servicing Corporation<br>332 Minnesota Street<br>Saint Paul, MN 55101<br><br>**LENDER'S NAME AND ADDRESS**<br>"You" means the lender, its successors and assigns. | Loan Number<br>Date ___10/09/96___<br>Maturity Date ___10/14/16___<br>Loan Amount $ ___125000.00___<br>Renewal Of _____ |

For value received, I promise to pay to you, or your order, at your address listed above the PRINCIPAL sum of
___One Hundred Twenty Five Thousand and 00/100___ Dollars $ ___125000.00___

[X] **Single Advance:** I will receive all of this principal sum on ___10/14/96___, No additional advances are contemplated under this note.

[ ] **Multiple Advance:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On _____ I will receive the amount of $ _____ and future principal advances are contemplated.

Conditions: The conditions for future advances are _____

[ ] **Open End Credit:** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to all other conditions and expires on _____.

[ ] **Closed End Credit:** You and I agree that I may borrow up to the maximum only one time (and subject to all other conditions).

**INTEREST:** I agree to pay interest on the outstanding principal balance from ___10/14/96___ at the rate of ___10.950___ %
per year until ___10/14/16___.

[ ] **Variable Rate:** This rate may then change as stated below.

   [ ] **Index Rate:** The future rate will be _____ the following index rate: _____

   [ ] **No Index:** The future rate will not be subject to any internal or external index. It will be entirely in your control.

   [ ] **Frequency and Timing:** The rate on this note may change as often as _____
   A change in the interest rate will take effect _____.

   [ ] **Limitations:** During the term of this loan, the applicable annual interest rate will not be more than _____ % or less than _____ %.

**Effect of Variable Rate:** A change in the interest rate will have the following effect on the payments:
[ ] The amount of each scheduled payment will change.     [ ] The amount of the final payment will change.
[ ]

**ACCRUAL METHOD:** Interest will be calculated on a ___30/360 simple interest___ basis.

**POST MATURITY RATE:** I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, as stated below:
   [X] on the same fixed or variable rate basis in effect before maturity (as indicated above).
   [ ] at a rate equal to _____

[X] **LATE CHARGE:** If a payment is made more than ___15___ days after it is due, I agree to pay a late charge of ___5% OF UNPAID AMT___

[ ] **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which [ ] are [ ] are not included in the principal amount above: _____

**PAYMENTS:** I agree to pay this note as follows:
[ ] **Interest:** I agree to pay accrued interest _____

[ ] **Principal:** I agree to pay the principal _____

[X] **Installments:** I agree to pay this note in ___240___ payments. The first payment will be in the amount of $ ___1285.98___ and will be due ___11/14/96___. A payment of $ ___1285.98___ will be due _____ thereafter. The final payment of the entire ___14th day of each month___ unpaid balance of principal and interest will be due ___10/14/16___.

**ADDITIONAL TERMS:**

*888-316-8733*

*ATTN Steffani*

*Tily*

*1800-330-6183*

NOTICE OF RIGHT TO RESCIND
(FOR REFINANCING BY A DIFFERENT LENDER OR ORIGINATION OF A NEW RESCINDABLE LOAN)

This Notice relates to a consumer credit transaction dated __10/09/96_____, between the Creditor named below and __MICHAEL S CALLOWAY___ and __CATHERINE L CALLOWAY_____
_____ (Consumer(s)).

## NOTICE OF RIGHT TO CANCEL

### Your Right to Cancel

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1) the date of the transaction, which is _____ October 9, 1996 _____; or

(2) the date you received your Truth-in-Lending disclosures; or

(3) the date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/ security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address at right. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

### How to Cancel

If you decide to cancel this transaction, you may do so by notifying us in writing, at

Green Tree Financial Servicing Corporation (Name of Creditor)
34387 PLYMOUTH
LIVONIA, MI  48150 (Creditor's Business Address)

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of __10/11/96__ (date)

(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

### I WISH TO CANCEL

_____          _____
Consumer's Signature                              Date

---

## RECEIPT

Each of the undersigned acknowledges receipt of 2 copies of this Notice and warrants that the undersigned are all the persons who are a party to the credit transaction who have or may have an interest in the home at _____
514 KING ST  LAUREL, DE 19956 _____

Consumer(s):

Date _____          X _____
                                            MICHAEL S CALLOWAY

                                          X _____
                                            CATHERINE L CALLOWAY

# NOTICE OF RIGHT OF RESCISSION
## (FOR REFINANCING BY A DIFFERENT LENDER OR ORIGINATION OF A NEW RESCINDABLE LOAN)

This Notice relates to a consumer credit transaction dated 10/09/96 , between the Creditor named below and MICHAEL S CALLOWAY  and CATHERINE L CALLOWAY

(Consumer(s)).

## NOTICE OF RIGHT TO CANCEL
### Your Right to Cancel
You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1) the date of the transaction, which is _____ October 9, 1996 ; or

(2) the date you received your Truth-in-Lending disclosures; or

(3) the date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address at right. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

### How to Cancel
If you decide to cancel this transaction, you may do so by notifying us in writing, at

Green Tree Financial Servicing Corporation
(Name of Creditor)
34387 PLYMOUTH
LIVONIA, MI  48150
(Creditor's Business Address)

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of 10/11/96
(date)

(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

### I WISH TO CANCEL

_____          _____
Consumer's Signature                Date

## RECEIPT

Each of the undersigned acknowledges receipt of 2 copies of this Notice and warrants that the undersigned are all the persons who are a party to the credit transaction who have or may have an interest in the home at _____.
514 KING ST  LAUREL DE 19956

Consumer(s):

Date _____

X _____
MICHAEL S CALLOWAY

X _____
CATHERINE L CALLOWAY

```
MICHAEL S CALLOWAY                (AND THESE DISCLOSURES MADE BY):          Number
CATHERINE L CALLOWAY          GREEN TREE FINANCIAL SERV CORP        Application
514 KING ST                   3000 XXXXXX ST                       Received
LAUREL, DE  19956             ST. PAUL, MN   55101                  Date of
                                                                   Disclosure
```

## SERVICING DISCLOSURE STATEMENT

NOTICE TO FIRST LIEN MORTGAGE LOAN APPLICANTS: THE RIGHT TO COLLECT YOUR MORTGAGE LOAN PAYMENTS MAY BE TRANSFERRED. FEDERAL LAW GIVES YOU CERTAIN RELATED RIGHTS. IF YOUR LOAN IS MADE, SAVE THIS STATEMENT WITH YOUR LOAN DOCUMENTS. SIGN THE ACKNOWLEDGMENT AT THE END OF THIS STATEMENT ONLY IF YOU UNDERSTAND ITS CONTENTS.

Because you are applying for a mortgage loan covered by the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. §2601 *et seq.*) you have certain rights under that Federal law.

This statement tells you about those rights. It also tells you what the chances are that the servicing for this loan may be transferred to a different loan servicer. "Servicing" refers to collecting your principal, interest and escrow account payments, if any. If your loan servicer changes, there are certain procedures that must be followed. This statement generally explains those procedures.

**Transfer Practices and Requirements**

If the servicing of your loan is assigned, sold, or transferred to a new servicer, you must be given written notice of that transfer. The present loan servicer must send you notice in writing of the assignment, sale or transfer of the servicing not less than 15 days before the effective date of the transfer. The new loan servicer must also send you notice within 15 days after the effective date of the transfer. The present servicer and the new servicer may combine this information in one notice, so long as the notice is sent to you 15 days before the effective date of transfer. The 15 day period is not applicable if a notice of prospective transfer is provided to you at settlement. The law allows a delay in the time (not more than 30 days after a transfer) for servicers to notify you, upon the occurrence of certain business emergencies.

Notices must contain certain information. They must contain the effective date of the transfer of the servicing of your loan to the new servicer, and the name, address, and toll-free or collect call telephone number of the new servicer, and toll-free or collect call telephone numbers of a person or department for both your present servicer and your new servicer to answer your questions. During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

**Complaint Resolution**

Section 6 of RESPA (12 U.S.C. §2605) gives you certain consumer rights, whether or not your loan servicing is transferred. If you send a "qualified written request" to your servicer, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and the information regarding your request. Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, or must provide you with a written clarification regarding any dispute. During this 60-Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request.

A Business Day is any day in which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

**Damages and Costs**

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section.

**Servicing Transfer Estimates**

1. The following is the best estimate of what will happen to the servicing of your mortgage loan:

    A. [x] We may assign, sell or transfer the servicing of your mortgage loan while the loan is outstanding.
    We are able to service your loan, and we [x] will [ ] will not [ ] haven't decided whether to    service your loan.

    B. [ ] We do not service mortgage loans ([ ] and we have not serviced mortgaged loans in the past three years). We presently intend to assign, sell or transfer the servicing of your mortgage loan. You will be informed about your servicer.

    C. [ ] We assign, sell or transfer the servicing of some of our loans while the loan is outstanding depending on the type of loan and other factors. For the program for which you have applied, we expect to [ ] sell all of the mortgage servicing [ ] retain all of the mortgage servicing [ ] assign, sell or transfer _____ % of the mortgage servicing.

    D. [ ]

2. For all the first lien mortgage loans that we make in the 12 month period after your mortgage loan is funded, we estimate that the percentage of such loans for which we will transfer servicing is between:

    __XX_ 0 to 25%    _____ 26 to 50%    _____ 51 to 75%    _____ 76 to 100%

    This estimate [x] does [ ] does not  include assignments, sales or transfers to affiliates or subsidiaries. This is only our best estimate and it is not binding. Business conditions or other circumstances may affect our future transferring decisions.

3. A. [ ] We have previously assigned, sold, or transferred the servicing of first lien mortgage loans.

    B. [x] This is our record of transferring the servicing of the first lien mortgage loans we have made in the past three years. The percentages have been rounded to the nearest quartile - 0%, 25%, 50%, 75% or 100%.

    __0___ __25___ %    __0___ __25___ %    __0___ __25___ %

    (This information [x] does [ ] does not  include assignments, sales or transfers to affiliates or subsidiaries.)

## ACKNOWLEDGMENT OF MORTGAGE LOAN APPLICANT

I/we have read this disclosure form, and understand its contents, as evidenced by my/our signature(s) below. I/we understand that this acknowledgment is a required part of the mortgage loan application.

_____
APPLICANT   MICHAEL S CALLOWAY

_____                    _____
CO-APPLICANT   CATHERINE L CALLOWAY                   DATE

Bankers Systems, Inc., St. Cloud, MN (1-800-397-2341) Form RESPA-SDS  6/27/95                    (page 1 of 1)

| Green Tree Financial<br>Servicing Corporation<br>332 Minnesota Street<br>Saint Paul MN 55101 | MICHAEL S CALLOWAY<br>CATHERINE L CALLOWAY<br>514 KING ST<br>LAUREL, DE 19956 | Loan Number<br>Date ___October 9, 1996___<br>Maturity Date October 14, 2016<br>Loan Amount $ ___125000.00___ |
|---|---|---|
| **LENDER'S NAME AND ADDRESS** | **BORROWER'S NAME AND ADDRESS** | |

## NOTICE TO BORROWER
## OF PROPERTY IN SPECIAL FLOOD HAZARD AREA

Property Description: 514 KING ST  LAUREL DE 19956

Flood Map Information: AS INDICATED IN APPRAISAL OF SUBJECT PROPERTY
LOCATED IN FLOOD ZONE C
MAP NO. #100040 0001B          DATE :01/16/81

*Complete either Box A or Box B, whichever is applicable.*

A. ☒ The improved real estate or mobile home described above has **not** been determined to be located in a special flood hazard area.

B. ☐ Notice is hereby given to _____ that the
*(Borrower)*
improved real estate or mobile home described above is or will be located in an area designated by the Director of the Federal Emergency Management Agency or by the Secretary of the Department of Housing and Urban Development as a special flood hazard area. This area is delineated on _____'s Flood Insurance Rate
*(Community Name)*
Map (FIRM) or, if the FIRM is unavailable, on the Flood Hazard Boundary Map (FHBM). This area has at least a 1% chance of being flooded within any given year. The risk of exceeding the 1% chance increases with time periods longer than one year. For example, during the life of a 30-year mortgage, a structure located in a special flood hazard area has a 26% chance of being flooded.

## NOTICE TO BORROWER
## ABOUT FEDERAL FLOOD DISASTER RELIEF ASSISTANCE

*(Lender Check One)*

☐ Notice in Participating Communities
The improved real estate or mobile home securing your loan is or will be located in a community that is now participating in the National Flood Insurance Program. If the property is damaged by flooding in a federally declared disaster, Federal disaster relief assistance may be available. However, such assistance will be unavailable if your community has been identified as a flood-prone area for one year or longer and is not participating in the National Flood Insurance Program when the assistance is approved. This assistance, usually in the form of a loan with a favorable interest rate, may be available for damages incurred in excess of your flood insurance.

☐ Notice in Nonparticipating Communities
The improved real estate or mobile home securing your loan is or will be located in a community that is not participating in the National Flood Insurance Program. This means that the property is not eligible for Federal flood insurance. If the property is damaged by flooding in a federally declared disaster, Federal disaster relief assistance for the property will be unavailable if your community has been identified as a flood-prone area for one year or longer. Such assistance may be available only if, at the time the assistance would be approved, your community is participating in the National Flood Insurance Program or has been identified as a flood-prone area for less than one year.

The undersigned realizes that the property securing the loan described above is or will be located in an area identified as a flood hazard area and that the undersigned has received the required notice regarding Federal disaster relief assistance.

Borrower   MICHAEL S CALLOWAY          Dated _____

Borrower   CATHERINE L CALLOWAY        Dated _____

# NOTICE OF RIGHT TO RESCISSION
## (FOR REFINANCING BY A DIFFERENT LENDER OR ORIGINATION OF A NEW RESCINDABLE LOAN)

This Notice relates to a consumer credit transaction dated __10/09/96_____, between the Creditor named below and __MICHAEL S CALLOWAY__ and __CATHERINE L CALLOWAY_____ _(Consumer(s))._

## NOTICE OF RIGHT TO CANCEL
### Your Right to Cancel
You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1) the date of the transaction, which is _____ __October 9, 1996_____ ; or

(2) the date you received your Truth-in-Lending disclosures; or

(3) the date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property we have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address at right. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

### How to Cancel
If you decide to cancel this transaction, you may do so by notifying us in writing, at

__Green Tree Financial Servicing Corporation__
__34387 PLYMOUTH__ (Name of Creditor)
__LIVONIA, MI  48150__
(Creditor's Business Address)

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of __10/11/96__ (date)

(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

### I WISH TO CANCEL

_____     _____
Consumer's Signature                              Date

## RECEIPT
Each of the undersigned acknowledges receipt of 2 copies of this Notice and warrants that the undersigned are all the persons who are a party to the credit transaction who have or may have an interest in the home at _____ __514 KING ST  LAUREL DE 19956__

Consumer(s):

Date _____     X _____
                                                              MICHAEL S CALLOWAY

                                              X _____
                                                              CATHERINE L CALLOWAY

## NOTICE OF RIGHT OF RESCISSION

### (FOR REFINANCING BY A DIFFERENT LENDER OR ORIGINATION OF A NEW RESCINDABLE LOAN)

This Notice relates to a consumer credit transaction dated ___10/09/96___ , between the Creditor named below and __MICHAEL S CALLOWAY__ and __CATHERINE L CALLOWAY__ _____ (Consumer(s)).

### NOTICE OF RIGHT TO CANCEL
**Your Right to Cancel**

You are entering into a transaction that will result in a mortgage/lien/security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

(1) the date of the transaction, which is _____ __October 9, 1996__ ; or

(2) the date you received your Truth-in-Lending disclosures; or

(3) the date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address at right. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**How to Cancel**

If you decide to cancel this transaction, you may do so by notifying us in writing, at

**Green Tree Financial Servicing Corporation**
(Name of Creditor)
34387 PLYMOUTH
LIVONIA, MI  48150
(Creditor's Business Address)

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the

notice no later than midnight of __10/11/96__
(date)

(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____     _____
Consumer's Signature                Date

---

### RECEIPT

Each of the undersigned acknowledges receipt of 2 copies of this Notice and warrants that the undersigned are all the persons who are a party to the credit transaction who have or may have an interest in the home at _____
__514 KING ST  LAUREL DE 19956__

Consumer(s):

Date _____

X _____
MICHAEL S CALLOWAY

X _____
CATHERINE L CALLOWAY

# EXHIBIT "A"

# (PART 2 OF 3)

EFiled: Mar 13 2008 6:00PM EDT
Transaction ID 18983427
Case No. 08C-03-011 RFS

# EXHIBIT C

Parcel Identification Number
Present: _____
Previous: _____

Name and Address of Preparer
KELISHA V HAYES
34387 PLYMOUTH RD
LIVONIA, MI 48150

——————————— [Space Above This Line For Recording Data] ———————————

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on .........OCTOBER 9, 1996..................... . The mortgagor is ..MICHAEL S CALLOWAY, A MARRIED MAN AND CATHERINE L CALLOWAY, A MARRIED WOMAN............
.....................................................................................................................................................................
("Borrower"). This Security Instrument is given to ...GREEN TREE FINANCIAL SERVICING CORPORATION............
........................................................., which is organized and existing under the laws of .STATE OF DELAWARE
........................................................................................................................ , and whose address is
.332 MINNESOTA STREET SAINT PAUL, MN 55101.................................................................
("Lender"). Borrower owes Lender the principal sum of .ONE HUNDRED TWENTY-FIVE THOUSAND DOLLARS AND NO/100------------------------------------------ Dollars (U.S. $.125,000.00.................). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on ........OCTOBER 14, 2016..................... . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in .............SUSSEX...................................................................................... County, Delaware:

SEE ATTACHED LEGAL DESCRIPTION

which has the address of .......514 KING ST.......................................... , ....LAUREL................................................ , [Street]                                                                                          [City]
Delaware ....19956.............. ("Property Address");
              [Zip Code]

DELAWARE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3008 9/90 *(page 1 of 6 pages)*

BANKERS SYSTEMS, INC., ST. CLOUD, MN 56302 (1-800-397-2341) FORM MD-1-DE 2/18/91

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 *et seq.* ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which

**Form 3008 9/90** *(page 2 of 6 pages)*

BANKERS SYSTEMS, INC., ST. CLOUD, MN 56302 (1-800-397-2341) FORM MD-1-DE 2/18/91

may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage

Form 3008 9/90 *(page 3 of 6 pages)*

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the**

Form 3008 9/90 *(page 5 of 6 pages)*

default is not cured on or before the date specified in the not............nder at its option may require immediate payment in full of all sums secured by this Security Instrument wi.........further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, attorneys' fees of .........N/A.............. % of the amount decreed for principal and interest (which fees shall be allowed and paid as part of the decree of judgment) and costs of title evidence.

**22. Satisfaction.** Upon payment of all sums secured by this Security Instrument, Lender shall cause the entry of satisfaction to be made upon the records of this Security Instrument without charge to Borrower. Borrower shall pay all costs and fees for entering the satisfaction upon the records of this Security Instrument.

**23. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were part of this Security Instrument. [Check applicable box(es)]

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ 1-4 Family Rider |
| ☐ Graduated Payment Rider | ☐ Planned Unit Development Rider | ☐ Biweekly Payment Rider |
| ☐ Balloon Rider | ☐ Rate Improvement Rider | ☐ Second Home Rider |
| ☐ Other(s) [specify] | | |

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Signed, sealed and delivered in the presence of:

.................................................    ...........................................................(Seal)
                                            MICHAEL S CALLOWAY                    —Borrower

                                            Social Security Number ...........................................

.................................................    ...........................................................(Seal)
                                            CATHERINE L CALLOWAY                  —Borrower

                                            Social Security Number ...........................................

——————————— [Space Below This Line For Acknowledgment] ———————————

STATE OF DELAWARE, .............SUSSEX.................... County ss:
        BE IT REMEMBERED that on this .........9th........................ day of .OCTOBER,..1996...............
...................... , personally came before me, the..subscriber,..Michael..S...Calloway.
.and.Catherine.L..Calloway........................... , part .ies............................................. to this Mortgage
personally known to me to be such, and severally acknowledged this Mortgage to be ...........their...............................
................................ act and deed.
        Given under my Hand and Seal of Office, the day and year aforesaid.

                                            ...........................................................
                                            Notary Public

                                            ....John..F...Hyde,..Attorney..at..Law...............
                                            Name and Title of Notary

                                            ....Indefinite.......................................................
                                            Expiration Date

BANKERS SYSTEMS, INC., ST. CLOUD, MN 56302 (1-800-397-2341) FORM MD-1-DE 2/18/91                    Form 3008 9/90 *(page 6 of 6 pages)*

EFiled:  Mar 13 2008  6:00PM EDT
Transaction ID 18983427
Case No. 08C-03-011 RFS

# EXHIBIT D

Account History : 88037954   History For: All History

| Tran ID | Status | Trn Date | Due Pd | Back Dt | Trn Amt | Tran Code | Tran Desc | Prin Pd | Int Pd | Esc Pd | Late Pd | Other Pd |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 19970713 001 | CONV | 7/13/1997 | [O] | | $125,000.00 | 200 | New Loan Setup | $125,000.00 | $0.00 | | | |
| 19970714 001 | CONV | 7/14/1997 | [N] | 7/14/1997 | $1,285.98 | 100 | Pymt Cash | $155.95 | $1,130.03 | | | |
| 19970714 002 | CONV | 7/14/1997 | [N] | 7/14/1997 | $1,285.98 | 100 | Pymt Cash | $157.37 | $1,128.61 | | | |
| 19970814 002 | CONV | 8/14/1997 | [N] | 8/14/1997 | $1,285.98 | 100 | Pymt Cash | $157.37 | $1,128.61 | | | |
| 19970827 002 | CONV | 8/27/1997 | [N] | | ($1,285.98) | 100 | Pymt Cash | ($157.37) | ($1,128.61) | | | |
| 19970916 001 | CONV | 9/16/1997 | [N] | 9/16/1997 | $1,285.98 | 100 | Pymt Cash | $157.37 | $1,128.61 | | | |
| 19971008 001 | CONV | 10/8/1997 | [N] | 10/8/1997 | $1,285.98 | 100 | Pymt Cash | $158.81 | $1,127.17 | | | |
| 19971014 002 | CONV | 10/14/1997 | [N] | 10/8/1997 | ($1,285.98) | 100 | Pymt Cash | ($158.81) | ($1,127.17) | | | |
| 19971015 013 | CONV | 10/15/1997 | [N] | 10/15/1997 | $424.37 | 80 | Defer Interest | $0.00 | $424.37 | | | |
| 19971015 012 | CONV | 10/15/1997 | [N] | 10/15/1997 | $438.39 | 120 | Pymt Prin Only-Cash | $438.39 | $0.00 | | | |
| 19971015 011 | CONV | 10/15/1997 | [N] | 10/15/1997 | $861.61 | 140 | Pymt Esc Only-Cash | $0.00 | $0.00 | | | |
| 19971015 010 | CONV | 10/15/1997 | [N] | 10/15/1997 | $64.29 | 140 | Pymt Esc Only-Cash | $0.00 | $0.00 | $64.29 | | |
| 19971015 009 | CONV | 10/15/1997 | [N] | 10/15/1997 | $64.29 | 140 | Pymt Esc Only-Cash | $0.00 | $0.00 | $64.29 | | |
| 19971015 008 | CONV | 10/15/1997 | [N] | 10/15/1997 | $64.29 | 140 | Pymt Esc Only-Cash | $0.00 | $0.00 | $64.29 | | |
| 19971015 007 | CONV | 10/15/1997 | [N] | 10/15/1997 | $64.30 | 140 | Pymt Esc Only-Cash | $0.00 | $0.00 | $64.30 | | |
| 19971117 002 | CONV | 11/17/1997 | [N] | 11/17/1997 | $14.02 | 140 | Pymt Esc Only-Cash | $0.00 | $0.00 | $14.02 | | |
| 19971117 001 | CONV | 11/17/1997 | [N] | 11/17/1997 | $0.09 | 231 | Interest Increase-JE | $0.00 | ($0.09) | | | |
| 19971226 002 | CONV | 12/26/1997 | [N] | 12/26/1997 | $1,285.98 | 100 | Pymt Cash | $158.96 | $1,127.02 | | | |
| 19971226 001 | CONV | 12/26/1997 | [N] | 12/26/1997 | $14.02 | 120 | Pymt Prin Only-Cash | $14.02 | $0.00 | | | |
| 19980203 003 | CONV | 2/3/1998 | [N] | 2/3/1998 | $14.02 | 100 | Pymt Cash | $14.02 | $0.00 | | | |
| 19980203 002 | CONV | 2/3/1998 | [N] | 2/3/1998 | $1,285.98 | 120 | Pymt Prin Only-Cash | $165.83 | $1,120.15 | | | |
| 19980203 001 | CONV | 2/3/1998 | [N] | 2/3/1998 | ($14.02) | 100 | Pymt Cash | ($14.02) | $0.00 | | | |
| 19980224 003 | CONV | 2/24/1998 | [N] | 2/24/1998 | $14.02 | 100 | Pymt Cash | $14.02 | $0.00 | | | |
| 19980224 002 | CONV | 2/24/1998 | [N] | 2/24/1998 | $1,285.98 | 100 | Pymt Cash | $165.83 | $1,120.15 | | | |
| 19980224 001 | CONV | 2/24/1998 | [N] | 2/24/1998 | $14.02 | 120 | Pymt Prin Only-Cash | $14.02 | $0.00 | | | |
| 19980228 004 | CONV | 2/28/1998 | [N] | 2/28/1998 | $14.02 | 100 | Pymt Cash | $14.02 | $0.00 | | | |
| 19980228 003 | CONV | 2/28/1998 | [N] | 2/28/1998 | $0.00 | 170 | Memo Extension | $0.00 | $0.00 | | | |
| 19980228 002 | CONV | 2/28/1998 | [N] | 2/28/1998 | $670.23 | 531 | REV Pymt Interest Only-JE | $0.00 | $670.23 | | | |
| 19980302 003 | CONV | 3/2/1998 | [N] | 3/2/1998 | $707.28 | 100 | Pymt Cash | $0.00 | $707.28 | | | |
| 19980302 002 | CONV | 3/2/1998 | [N] | 3/2/1998 | $15.00 | 120 | Pymt Prin Only-Cash | $15.00 | $0.00 | | | |
| 19980302 001 | CONV | 3/2/1998 | [N] | 3/2/1998 | $707.28 | 100 | Pymt Cash | $0.00 | $707.28 | | | |
| 19980502 002 | CONV | 5/2/1998 | [N] | 5/2/1998 | $15.00 | 120 | Pymt Prin Only-Cash | $15.00 | $0.00 | | | |
| 19980502 001 | CONV | 5/2/1998 | [N] | 5/2/1998 | $707.28 | 100 | Pymt Cash | $0.00 | $707.28 | | | |
| 19980530 003 | CONV | 5/30/1998 | [N] | 5/30/1998 | $15.00 | 120 | Pymt Prin Only-Cash | $15.00 | $0.00 | | | |
| 19980530 002 | CONV | 5/30/1998 | [N] | 5/30/1998 | $707.28 | 100 | Pymt Cash | $0.00 | $707.28 | | | |
| 19980709 003 | CONV | 7/9/1998 | [N] | 7/9/1998 | $38.55 | 100 | Pymt Cash Fee: 15 | $0.00 | $0.00 | $38.55 | | |
| 19980709 002 | CONV | 7/9/1998 | [N] | 7/9/1998 | ($3.00) | 100 | Pymt Cash | $0.00 | $0.00 | | | ($3.00) |
| 19980709 001 | CONV | 7/9/1998 | [N] | 7/9/1998 | $23.55 | 100 | Pymt Cash | $0.00 | $0.00 | $23.55 | | |
| 19980710 004 | CONV | 7/10/1998 | [N] | 7/10/1998 | $15.00 | 100 | Pymt Cash | $0.00 | $0.00 | | | $15.00 |
| 19980710 003 | CONV | 7/10/1998 | [N] | 7/10/1998 | ($3.00) | 100 | Pymt Cash | $0.00 | $3.00 | | | |
| 19980710 001 | CONV | 7/10/1998 | [N] | 7/10/1998 | $707.28 | 100 | Pymt Cash | $0.00 | $707.28 | | | |
| 19980721 009 | CONV | 7/21/1998 | [N] | 7/10/1998 | $3.00 | 120 | Pymt Prin Only-Cash | ($38.55) | $0.00 | | | |
| 19980721 008 | CONV | 7/21/1998 | [N] | 7/9/1998 | $707.28 | 100 | Pymt Cash | $0.00 | $707.28 | | | |
| 19980721 007 | CONV | 7/21/1998 | [N] | 7/10/1998 | ($23.55) | 100 | Pymt Cash Fee: -15 | $0.00 | $0.00 | | $23.55 | |
| 19980721 006 | CONV | 7/21/1998 | [N] | 7/10/1998 | $15.00 | 100 | Pymt Cash | $0.00 | $0.00 | | | $15.00 |
| 19980721 005 | CONV | 7/21/1998 | [N] | 7/10/1998 | ($3.00) | 100 | Pymt Cash | $0.00 | ($3.00) | | | ($15.00) |

| ID | Type | Date 1 | Flag | Date 2 | Amount | Transaction | Amt | Amt | Amt |
|---|---|---|---|---|---|---|---|---|---|
| 19980721 004 | CONV | 7/21/1998 | N | 7/10/1998 | ($707.28) | 100 Pymt Cash | $0.00 | ($707.28) | |
| 19980721 003 | CONV | 7/21/1998 | N | 7/10/1998 | $707.26 | 100 Pymt Cash | $0.00 | $707.28 | |
| 19980721 002 | CONV | 7/21/1998 | N | 7/10/1998 | $41.55 | 100 Pymt Cash | $0.00 | $41.55 | |
| 19980721 001 | CONV | 7/21/1998 | N | 7/21/1998 | ($0.14) | 231 Interest Increase-JE | $0.00 | ($0.14) | |
| 19980727 001 | CONV | 7/27/1998 | N | 7/21/1998 | ($3.00) | 211 Disb Insurance Only | $0.00 | | |
| 19980728 004 | CONV | 7/28/1998 | N | 7/27/1998 | $15.00 | 100 Pymt Cash Fee 15 | $0.00 | | $15.00 |
| 19980728 003 | CONV | 7/28/1998 | N | 7/28/1998 | $3.00 | 100 Pymt Cash | $0.00 | | |
| 19980728 002 | CONV | 7/28/1998 | N | 7/28/1998 | $35.36 | 100 Pymt Cash | $0.00 | $35.36 | $35.36 |
| 19980728 001 | CONV | 7/28/1998 | N | 7/28/1998 | $38.36 | 100 Pymt Cash | $0.00 | $35.36 | $35.36 |
| 19980728 001 | CONV | 7/28/1998 | N | 7/28/1998 | $668.73 | 100 Pymt Cash | $0.00 | $668.73 | $35.36 |
| 19980831 001 | CONV | 8/31/1998 | N | 8/31/1998 | $707.28 | 100 Pymt Cash | $0.00 | $707.28 | |
| 19980928 002 | CONV | 9/28/1998 | N | 9/28/1998 | $707.28 | 100 Pymt Cash | $0.00 | $707.28 | |
| 19980928 001 | CONV | 9/28/1998 | N | 9/28/1998 | $35.36 | 140 Pymt Esc Only-Cash | $0.00 | $0.00 | |
| 19981112 001 | CONV | 11/12/1998 | N | 11/12/1998 | $35.36 | 100 Pymt Cash | $0.00 | $0.00 | |
| 19981113 002 | CONV | 11/13/1998 | N | 11/13/1998 | $1,285.98 | 100 Pymt Cash | $0.00 | $1,285.98 | |
| 19981113 001 | CONV | 11/13/1998 | N | 11/13/1998 | ($3.00) | 100 Pymt Cash | $0.00 | ($3.00) | |
| 19981127 003 | CONV | 11/27/1998 | N | 11/27/1998 | $3.00 | 100 Pymt Cash | $0.00 | $3.00 | |
| 19981127 002 | CONV | 11/27/1998 | N | 11/27/1998 | ($3.00) | 211 Disb Insurance Only | $0.00 | $0.00 | |
| 19981127 001 | CONV | 11/27/1998 | N | 11/27/1998 | $3.00 | 100 Pymt Cash | $0.00 | $3.00 | |
| 19981127 001 | CONV | 11/27/1998 | N | 11/27/1998 | $1,285.96 | 100 Pymt Cash | $0.00 | $1,285.98 | |
| 19981217 003 | CONV | 12/17/1998 | N | 11/27/1998 | $1,285.98 | 100 Pymt Cash | $0.00 | $1,285.98 | |
| 19981217 002 | CONV | 12/17/1998 | N | 11/27/1998 | ($1,285.98) | 100 Pymt Cash | $0.00 | ($1,285.98) | |
| 19981217 001 | CONV | 12/17/1998 | N | 11/21/1998 | ($3.00) | 100 Pymt Cash | $0.00 | ($3.00) | |
| 19981218 003 | CONV | 12/18/1998 | N | 11/21/1998 | $1,282.98 | 100 Pymt Cash | $0.00 | $1,282.98 | |
| 19981216 002 | CONV | 12/18/1998 | N | 12/18/1998 | ($3.00) | 100 Pymt Cash | $0.00 | ($3.00) | |
| 19981216 001 | CONV | 12/18/1998 | N | 12/18/1998 | $6.00 | 100 Pymt Cash | $0.00 | $1,282.98 | |
| 19981218 002 | CONV | 12/18/1998 | N | 12/18/1998 | $3.00 | 100 Pymt Cash | $0.00 | $6.00 | |
| 19981218 001 | CONV | 12/18/1998 | N | 12/18/1998 | ($3.00) | 211 Disb Insurance Only | $0.00 | $0.00 | |
| 19981230 005 | CONV | 12/30/1998 | N | 12/30/1998 | $3.00 | 100 Pymt Cash | $0.00 | $3.00 | |
| 19981230 004 | CONV | 12/30/1998 | N | 12/30/1998 | $6.00 | 100 Pymt Cash | $0.00 | $6.00 | $6.00 |
| 19981230 003 | CONV | 12/30/1998 | N | 12/30/1998 | $3.00 | 100 Pymt Cash | $0.00 | $3.00 | |
| 19981230 002 | CONV | 12/30/1998 | N | 12/30/1998 | $1,279.98 | 100 Pymt Cash | $0.00 | $1,279.98 | |
| 19981230 001 | CONV | 12/30/1998 | N | 12/30/1998 | $507.91 | 121 Pymt Prin Only-JE | $0.00 | $1,279.98 | |
| 19990113 002 | CONV | 1/13/1999 | N | 12/30/1998 | $507.91 | 231 Interest Increase-JE | $507.91 | $0.00 | |
| 19990113 001 | CONV | 1/13/1999 | N | 1/13/1999 | ($3.00) | 100 Pymt Cash | $0.00 | ($507.91) | |
| 19990114 006 | CONV | 1/14/1999 | N | 1/13/1999 | ($3.00) | 100 Pymt Cash Fee -6 | $0.00 | ($3.00) | |
| 19990114 005 | CONV | 1/14/1999 | N | 12/30/1998 | ($6.00) | 100 Pymt Cash | $0.00 | $0.00 | |
| 19990114 004 | CONV | 1/14/1999 | N | 12/30/1998 | $3.00 | 100 Pymt Cash | $0.00 | $0.00 | |
| 19990114 003 | CONV | 1/14/1999 | N | 12/30/1998 | ($1,279.98) | 100 Pymt Cash | $0.00 | $1,282.98 | ($6.00) |
| 19990114 001 | CONV | 1/14/1999 | N | 1/14/1999 | $2,476.12 | 531 REV Pymt Interest Only-JE | $0.00 | $2,476.12 | |
| 19990116 001 | CONV | 1/16/1999 | N | 1/14/1999 | $164.75 | 531 REV Pymt Interest Only-JE | $0.00 | $164.75 | |
| 19990118 002 | CONV | 1/18/1999 | N | 1/18/1999 | ($170.74) | 221 Principal Increase-JE | $0.00 | ($170.74) | |
| 19990118 001 | CONV | 1/18/1999 | N | 1/18/1999 | ($3.00) | 211 Disb Insurance Only | $0.00 | $0.00 | |
| 19990125 001 | CONV | 1/25/1999 | N | 1/26/1999 | $3.00 | 100 Pymt Cash | $0.00 | $0.00 | |
| 19990126 002 | CONV | 1/26/1999 | N | 1/26/1999 | $1,285.98 | 100 Pymt Cash | $0.00 | $1,115.24 | |
| 19990126 001 | CONV | 1/26/1999 | N | 1/26/1999 | $3.00 | 100 Pymt Cash | $0.00 | $3.00 | |
| 19990126 001 | CONV | 1/26/1999 | N | 1/26/1999 | ($3.00) | 100 Pymt Cash | $0.00 | ($3.00) | |
| 19990211 005 | CONV | 2/11/1999 | N | 2/11/1999 | $1,285.98 | 100 Pymt Cash | $0.00 | ($1,115.24) | |
| 19990211 002 | CONV | 2/11/1999 | N | 2/11/1999 | ($3.00) | 100 Pymt Cash | $0.00 | ($3.00) | |
| 19990211 001 | CONV | 2/11/1999 | N | 2/11/1999 | ($170.74) | 211 Disb Insurance Only | $0.00 | $0.00 | |
| 19990211 002 | CONV | 2/11/1999 | N | 2/11/1999 | $3.00 | 100 Pymt Cash | $0.00 | $0.00 | |
| 19990211 001 | CONV | 2/11/1999 | N | 2/11/1999 | $170.74 | 100 Pymt Cash | $0.00 | $170.74 | |
| 19990302 002 | CONV | 3/2/1999 | N | 3/2/1999 | $3.00 | 100 Pymt Cash | $0.00 | $3.00 | |
| 19990302 001 | CONV | 3/2/1999 | N | 3/2/1999 | $1,282.98 | 100 Pymt Cash | $0.00 | $1,110.68 | |
| | | | | | $3.02 | 100 Pymt Cash | $0.00 | $3.02 | |

| Transaction | Type | Date | Flag | Post Date | Amount | Code | Description | Amt 1 | Amt 2 |
|---|---|---|---|---|---|---|---|---|---|
| 19990311.002 | CONV | 3/11/1999 | N | 3/11/1999 | $1,282.96 | 100 | Pymt Cash | $344.71 | $938.25 |
| 19990311.001 | CONV | 3/11/1999 | N | 3/11/1999 | $3.02 | 100 | Pymt Cash | $0.00 | $3.02 |
| 19990414.002 | CONV | 4/14/1999 | N | 4/14/1999 | ($3.00) | 100 | Pymt Cash | $0.00 | $3.02 |
| 19990414.001 | CONV | 4/15/1999 | N | 4/15/1999 | $1,282.96 | 211 | Disb Insurance Only | $0.00 | $3.02 |
| 19990415.002 | CONV | 4/15/1999 | N | 4/15/1999 | $6.02 | 100 | Pymt Cash | $177.02 | $1,105.94 |
| 19990415.001 | CONV | 4/15/1999 | N | 4/15/1999 | $6.02 | 100 | Pymt Cash | | $6.02 |
| 19990629.004 | CONV | 6/29/1999 | N | 6/29/1999 | ($3.00) | 100 | Pymt Cash | $0.00 | $0.00 |
| 19990629.003 | CONV | 6/29/1999 | N | 6/29/1999 | $3.00 | 100 | Pymt Cash | $0.00 | $3.00 |
| 19990629.002 | CONV | 6/29/1999 | N | 6/29/1999 | $1,066.27 | 100 | Pymt Cash | $137.04 | $949.23 |
| 19990629.001 | CONV | 6/29/1999 | N | 6/29/1999 | $1,066.00 | 100 | Pymt Cash | $227.39 | $858.61 |
| 19990730.002 | CONV | 7/30/1999 | N | 7/30/1999 | $1,066.00 | 100 | Pymt Cash | $0.27 | $855.61 |
| 19990730.001 | CONV | 7/30/1999 | N | 7/30/1999 | $0.27 | 100 | Pymt Cash | $0.27 | $855.38 |
| 19990902.002 | CONV | 9/2/1999 | N | 9/2/1999 | $1,066.00 | 100 | Pymt Cash | $230.62 | $853.74 |
| 19990902.001 | CONV | 9/2/1999 | N | 9/2/1999 | $0.27 | 100 | Pymt Cash | $229.00 | $857.00 |
| 19991013.002 | CONV | 10/13/1999 | N | 10/13/1999 | $1,066.00 | 100 | Pymt Cash | $230.62 | $855.38 |
| 19991013.001 | CONV | 10/13/1999 | N | 10/13/1999 | $0.27 | 100 | Pymt Cash | $230.62 | $855.38 |
| 19991028.003 | CONV | 10/28/1999 | N | 10/13/1999 | $1,066.00 | 100 | Pymt Cash | ($230.62) | ($855.38) |
| 19991028.002 | CONV | 10/28/1999 | N | 10/13/1999 | ($0.27) | 100 | Pymt Cash | $0.27 | $0.00 |
| 19991028.001 | CONV | 10/28/1999 | N | 10/13/1999 | ($1,066.00) | 100 | Pymt Cash | ($230.62) | ($855.38) |
| 20000112.003 | CONV | 1/12/2000 | N | 1/12/2000 | $1,066.00 | 100 | Pymt Cash | $230.62 | $855.38 |
| 20000112.002 | CONV | 1/12/2000 | N | 1/12/2000 | $0.27 | 100 | Pymt Cash | $0.27 | $0.27 |
| 20000112.001 | CONV | 1/12/2000 | N | 1/12/2000 | ($3.00) | 100 | Pymt Cash | $234.18 | $544.73 |
| 19991213.003 | CONV | 12/13/1999 | N | 12/13/1999 | $3.46 | 100 | Pymt Cash | $3.46 | $3.46 |
| 19991213.002 | CONV | 12/13/1999 | N | 12/13/1999 | $544.54 | 211 | Disb Insurance Only | $307.36 | $307.36 |
| 19991213.001 | CONV | 12/13/1999 | N | 12/13/1999 | $541.54 | 100 | Pymt Cash | $235.84 | $846.97 |
| 19991207.002 | CONV | 12/7/1999 | N | 12/7/1999 | $0.27 | 100 | Pymt Cash | $0.00 | $0.00 |
| 19991207.001 | CONV | 12/7/1999 | N | 12/7/1999 | $0.27 | 100 | Pymt Cash | $233.57 | $842.30 |
| 19991115.002 | CONV | 11/15/1999 | N | 11/15/1999 | $1,086.00 | 100 | Pymt Cash | $6.46 | $6.46 |
| 19991115.001 | CONV | 11/15/1999 | N | 11/15/1999 | $0.27 | 100 | Pymt Cash | $0.00 | $0.00 |
| 19991105.002 | CONV | 11/5/1999 | N | 11/5/1999 | $1,086.00 | 100 | Pymt Cash | $230.62 | $842.30 |
| 19991105.001 | CONV | 11/5/1999 | N | 11/5/1999 | $0.27 | 100 | Pymt Cash | $0.27 | $845.48 |
| 20000221.002 | CONV | 2/21/2000 | N | 2/21/2000 | $6.46 | 100 | Pymt Cash | $6.46 | $6.46 |
| 20000221.001 | CONV | 2/21/2000 | N | 2/21/2000 | $1,079.81 | 100 | Pymt Cash | $239.19 | $840.62 |
| 20000223.003 | CONV | 2/23/2000 | N | 2/23/2000 | $6.46 | 100 | Pymt Cash | $0.00 | $0.00 |
| 20000223.002 | CONV | 2/23/2000 | N | 2/23/2000 | $1,079.81 | 100 | Pymt Cash Fee 6.46 | $0.00 | $840.62 | $6.46 |
| 20000223.001 | CONV | 2/23/2000 | N | 2/23/2000 | $1,079.81 | 100 | Pymt Cash | $0.00 | $845.39 |
| 20000404.002 | CONV | 4/4/2000 | N | 4/4/2000 | $1,086.27 | 100 | Pymt Cash | $240.88 | $845.39 |
| 20000404.001 | CONV | 4/4/2000 | N | 4/4/2000 | $1,086.27 | 100 | Pymt Cash | $0.00 | $3.00 |
| 20000502.002 | CONV | 5/2/2000 | N | 5/2/2000 | ($33.00) | 100 | Pymt Cash | $242.59 | $843.68 |
| 20000502.001 | CONV | 5/2/2000 | N | 5/2/2000 | $1,086.27 | 100 | Pymt Cash | $0.00 | $3.00 |
| 20000503.003 | CONV | 5/3/2000 | N | 5/3/2000 | $3.00 | 211 | Disb Insurance Only | $244.31 | $838.96 |
| 20000503.002 | CONV | 5/3/2000 | N | 5/3/2000 | $1,086.27 | 100 | Pymt Cash | $0.00 | $838.96 |
| 20000503.001 | CONV | 5/3/2000 | N | 5/3/2000 | $3.00 | 100 | Pymt Cash | $0.00 | $3.00 |
| 20000613.003 | CONV | 6/13/2000 | N | 6/13/2000 | $1,083.27 | 100 | Pymt Cash | $246.04 | $834.23 |
| 20000613.002 | CONV | 6/13/2000 | N | 6/13/2000 | $1,083.27 | 100 | Pymt Cash | $0.00 | $3.00 |
| 20000613.001 | CONV | 6/13/2000 | N | 6/13/2000 | $3.00 | 100 | Pymt Cash | $0.00 | $834.23 |
| 20000630.003 | CONV | 6/30/2000 | N | 6/30/2000 | $1,080.27 | 100 | Pymt Cash | $834.23 | $834.23 |
| 20000630.002 | CONV | 6/30/2000 | N | 6/30/2000 | $3.00 | 100 | Pymt Cash | $0.00 | $3.00 |
| 20000630.001 | CONV | 6/30/2000 | N | 6/30/2000 | $1,080.27 | 100 | Pymt Cash | $0.00 | $834.23 |
| 20000731.003 | CONV | 7/31/2000 | N | 7/31/2000 | $3.00 | 211 | Disb Insurance Only | $249.54 | $830.73 |
| 20000731.002 | CONV | 7/31/2000 | N | 7/31/2000 | $1,083.27 | 100 | Pymt Cash | $247.78 | $835.49 |
| 20000731.001 | CONV | 7/31/2000 | N | 7/31/2000 | $6.00 | 100 | Pymt Cash | $0.00 | $6.00 |
| 20000905.002 | CONV | 9/5/2000 | N | 9/5/2000 | $1,080.27 | 100 | Pymt Cash | $249.54 | $830.73 |
| 20000905.001 | CONV | 9/5/2000 | N | 9/5/2000 | $6.00 | 100 | Pymt Cash | $0.00 | $830.73 |
| 20001012.003 | CONV | 10/12/2000 | N | 10/12/2000 | $6.00 | 100 | Pymt Cash | $0.00 | $6.00 |
| 20001012.002 | CONV | 10/12/2000 | N | 10/12/2000 | $1,080.27 | 100 | Pymt Cash | $251.30 | $828.97 |
| 20001012.001 | CONV | 10/12/2000 | N | 10/12/2000 | $6.00 | 100 | Pymt Cash | $0.00 | $6.00 |

| Trans ID | Type | Date | Flag | Eff Date | Amount | Code | Description | Bal 1 | Bal 2 | Extra |
|---|---|---|---|---|---|---|---|---|---|---|
| 20001027 002 | CONV | 10/27/2000 | [N] | 10/27/2000 | $1,080.27 | 100 | Pymt Cash | | $253.08 | |
| 20001027 001 | CONV | 10/27/2000 | [N] | 10/27/2000 | $6.00 | 100 | Pymt Cash | $0.00 | $6.00 | |
| 20001213 002 | CONV | 12/13/2000 | [N] | 12/13/2000 | $1,080.27 | 100 | Pymt Cash | $254.88 | $825.39 | |
| 20001213 001 | CONV | 12/13/2000 | [N] | 12/13/2000 | $6.00 | 100 | Pymt Cash | $0.00 | $6.00 | |
| 20010111 002 | CONV | 1/11/2001 | [N] | 1/11/2001 | $1,080.27 | 100 | Pymt Cash | $256.68 | $823.59 | |
| 20010111 001 | CONV | 1/11/2001 | [N] | 1/11/2001 | $6.00 | 100 | Pymt Cash | $0.00 | $6.00 | |
| 20010111 002 | CONV | 1/11/2001 | [N] | 1/11/2001 | ($6.00) | 100 | Pymt Cash | $0.00 | ($6.00) | |
| 20010111 001 | CONV | 1/11/2001 | [N] | 1/11/2001 | ($1,080.27) | 100 | Pymt Cash | $256.68 | ($823.59) | |
| 20010212 003 | CONV | 2/10/2001 | [N] | 2/10/2001 | $6.00 | 100 | Pymt Cash | $0.00 | $6.00 | |
| 20010212 002 | CONV | 2/10/2001 | [N] | 2/10/2001 | $1,080.27 | 113 | Pymt Western Union | $256.68 | $823.59 | |
| 20010216 003 | CONV | 2/16/2001 | [N] | 2/16/2001 | $1,086.27 | 113 | Pymt Western Union | $258.50 | $827.77 | |
| 20010216 002 | CONV | 2/16/2001 | [N] | 2/16/2001 | $6.00 | 113 | Pymt Western Union | $0.00 | $6.00 | |
| 20010216 001 | CONV | 2/16/2001 | [N] | 2/16/2001 | $1,080.27 | 113 | Pymt Western Union | $260.33 | $819.94 | |
| 20010314 003 | CONV | 3/14/2001 | [N] | 3/14/2001 | $6.00 | 100 | Pymt Cash | $0.00 | $6.00 | |
| 20010314 002 | CONV | 3/14/2001 | [N] | 3/14/2001 | $1,080.27 | 100 | Pymt Cash | $262.17 | $818.10 | |
| 20010314 003 | CONV | 3/14/2001 | [N] | 3/14/2001 | $6.00 | 113 | Pymt Western Union | $0.00 | $6.00 | |
| 20010412 002 | CONV | 4/12/2001 | [N] | 4/12/2001 | ($380.27) | 113 | Pymt Western Union | $262.17 | ($262.17) | |
| 20010412 001 | CONV | 4/12/2001 | [N] | 4/12/2001 | ($119.73) | 113 | Pymt Western Union | $0.00 | ($119.73) | |
| 20010412 002 | CONV | 4/12/2001 | [N] | 4/12/2001 | $380.27 | 100 | Pymt Cash | $262.17 | $118.10 | |
| 20010412 001 | CONV | 4/12/2001 | [N] | 4/12/2001 | $6.00 | 100 | Pymt Cash | $0.00 | $6.00 | |
| 20010504 003 | CONV | 5/4/2001 | [N] | 5/4/2001 | ($6.00) | 100 | Pymt Cash | $0.00 | ($6.00) | |
| 20010504 002 | CONV | 5/4/2001 | [N] | 5/4/2001 | ($1,080.27) | 100 | Pymt Cash | $262.17 | ($818.10) | |
| 20010504 001 | CONV | 5/4/2001 | [N] | 5/4/2001 | $700.00 | 100 | Pymt Cash | $0.00 | $700.00 | |
| 20010512 001 | CONV | 5/12/2001 | [N] | 5/12/2001 | $380.27 | 113 | Pymt Western Union | $262.17 | $118.10 | |
| 20010517 002 | CONV | 5/17/2001 | [N] | 5/17/2001 | $119.73 | 113 | Pymt Western Union | $0.00 | $119.73 | |
| 20010517 001 | CONV | 5/17/2001 | [N] | 5/17/2001 | $108.00 | 113 | Pymt Western Union | $0.00 | $108.00 | |
| 20010517 001 | CONV | 5/17/2001 | [N] | 5/17/2001 | $59.00 | 135 | REV Pymt Interest Only-Cash | $0.00 | $59.00 | |
| 20010531 001 | CONV | 5/31/2001 | [N] | 5/31/2001 | $24.54 | 531 | REV Pymt Interest Only-JE | $0.00 | | $18.54 |
| 20010531 001 | CONV | 5/31/2001 | [N] | 5/31/2001 | $119.73 | 531 | REV Pymt Interest Only-JE | $0.00 | $119.73 | $50.00 |
| 20010618 005 | CONV | 6/18/2001 | [N] | 6/18/2001 | $88.98 | | | $0.00 | $88.98 | |
| 20010618 004 | CONV | 6/18/2001 | [N] | 6/18/2001 | $108.00 | | | $0.00 | $108.00 | |
| 20010618 003 | CONV | 6/18/2001 | [N] | 6/18/2001 | ($108.00) | | | $0.00 | ($108.00) | |
| 20010618 002 | CONV | 6/18/2001 | [N] | 6/18/2001 | $119.73 | 100 | Pymt Cash | $0.00 | $119.73 | |
| 20010618 001 | CONV | 6/18/2001 | [N] | 6/18/2001 | $24.54 | 100 | Pymt Cash | $0.00 | $6.00 | |
| 20010627 001 | CONV | 6/27/2001 | [N] | 6/27/2001 | $59.00 | 100 | Pymt Cash Fee 18.54 | $0.00 | $9.00 | $18.54 |
| 20010627 001 | CONV | 6/27/2001 | [N] | 6/27/2001 | $3.00 | 100 | Pymt Cash | $0.00 | $3.00 | |
| 20010628 001 | CONV | 6/28/2001 | [N] | 6/28/2001 | $59.00 | 100 | Pymt Cash Fee 50 | $0.00 | $9.00 | |
| 20010628 001 | CONV | 6/28/2001 | [N] | 6/28/2001 | $3.00 | 100 | Pymt Cash | $0.00 | $3.00 | |
| 20010716 008 | CONV | 7/16/2001 | [N] | 7/16/2001 | $25.00 | 100 | Pymt Cash Fee 25 | $0.00 | $3.00 | $25.00 |
| 20010716 007 | CONV | 7/16/2001 | [N] | 7/16/2001 | $3.00 | 100 | Pymt Cash | $0.00 | $3.00 | |
| 20010716 006 | CONV | 7/16/2001 | [N] | 7/16/2001 | $2.19 | 100 | Pymt Cash | $0.98 | $2.19 | |
| 20010716 005 | CONV | 7/16/2001 | [N] | 7/16/2001 | $477.71 | 100 | Pymt Cash | $0.98 | $476.73 | |
| 20010716 004 | CONV | 7/16/2001 | [N] | 7/16/2001 | $597.44 | 100 | Pymt Cash | $0.00 | $597.44 | |
| 20010716 003 | CONV | 7/16/2001 | [N] | 7/16/2001 | $586.27 | 100 | Pymt Cash | $0.00 | $586.27 | |
| 20010716 002 | CONV | 7/16/2001 | [N] | 7/16/2001 | $500.00 | 100 | Pymt Cash | $27.05 | $472.95 | |
| 20010716 001 | CONV | 7/16/2001 | [N] | 7/16/2001 | $500.00 | 100 | Pymt Cash | $27.30 | $472.45 | |
| 20010915 001 | CONV | 9/15/2001 | [N] | 9/15/2001 | $2,353.09 | 80 | Defer Interest | $0.00 | $0.00 | |
| 20010922 001 | CONV | 9/22/2001 | [N] | 9/22/2001 | $586.27 | 100 | Pymt Cash | $27.55 | $558.97 | |
| 20011004 001 | CONV | 10/4/2001 | [N] | 10/4/2001 | $500.00 | 100 | Pymt Cash | $27.05 | $472.95 | |
| 20011027 001 | CONV | 10/27/2001 | [N] | 10/27/2001 | $586.27 | 100 | Pymt Cash | $27.30 | $558.97 | |
| 20011113 001 | CONV | 11/13/2001 | [N] | 11/13/2001 | $586.27 | 100 | Pymt Cash | $586.27 | $586.27 | |
| 20011214 002 | CONV | 12/14/2001 | [N] | 12/14/2001 | $586.27 | 100 | Pymt Cash | $0.00 | $586.27 | |
| 20011214 001 | CONV | 12/14/2001 | [N] | 12/14/2001 | $500.00 | 100 | Pymt Cash | $27.55 | $472.45 | |
| 20011222 001 | CONV | 12/22/2001 | [N] | 12/22/2001 | $500.00 | 100 | Pymt Cash | $0.00 | $600.00 | |
| 20020115 001 | CONV | 1/15/2002 | [N] | 1/15/2002 | $600.00 | 100 | Pymt Cash | $0.00 | $600.00 | |
| 20020128 002 | CONV | 1/28/2002 | [N] | 1/28/2002 | $486.27 | 100 | Pymt Cash | $27.80 | $458.47 | |

Case 2:08-...LR...Document...Filed 04/21/2008 Page 5 of...

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 20020128 001 | CONV | 1/28/2002 | [N] | 1/28/2002 | $13.73 | 100 | Pymt Cash | $0.00 | $13.73 |
| 20020228 002 | CONV | 2/28/2002 | [N] | 2/28/2002 | $1,072.54 | 109 | Pymt Cash | $28.05 | $1,044.49 |
| 20020228 001 | CONV | 2/28/2002 | [N] | 2/28/2002 | $13.73 | 109 | Pymt Speedpay | $0.00 | $13.73 |
| 20020329 002 | CONV | 3/29/2002 | [N] | 3/29/2002 | $13.73 | 100 | Pymt Speedpay | $0.00 | $13.73 |
| 20020329 001 | CONV | 3/29/2002 | [N] | 3/29/2002 | $0.00 | 170 | Memo Extension | $0.00 | $0.00 |
| 20020329 001 | CONV | 3/29/2002 | [N] | 3/29/2002 | $528.70 | 531 | REV Pymt Interest Only-JE | $0.00 | $528.70 |
| 20020401 001 | CONV | 4/1/2002 | [N] | 4/1/2002 | $2,101.93 | 531 | REV Pymt Interest Only-JE | $0.00 | $0.00 |
| 20020401 001 | CONV | 4/1/2002 | [N] | 4/1/2002 | | 80 | Defer Interest | $0.00 | $0.00 |
| 20020620 001 | CONV | 6/4/2002 | [N] | 6/4/2002 | $810.68 | 100 | Pymt Cash | $810.68 | $810.68 |
| 20020630 001 | CONV | 6/30/2002 | [N] | 6/30/2002 | $275.59 | 109 | Pymt Speedpay | $28.47 | $247.12 |
| 20020831 001 | CONV | 8/31/2002 | [N] | 8/31/2002 | $1,086.27 | 109 | Pymt Speedpay | $28.57 | $1,057.70 |
| 20020918 001 | CONV | 9/18/2002 | [N] | 9/18/2002 | $163.00 | 109 | Pymt Cash | $0.00 | $163.00 |
| 20020920 001 | CONV | 9/20/2002 | [N] | 9/20/2002 | $76.85 | 531 | REV Pymt Cash | $0.00 | $76.85 |
| 20020923 001 | CONV | 9/23/2002 | [N] | 9/23/2002 | $3,008.52 | 531 | REV Pymt Interest Only-JE | $0.00 | $0.00 |
| 20020923 001 | CONV | 9/23/2002 | [N] | 9/23/2002 | | 80 | Defer Interest | $0.00 | |
| 20021121 001 | CONV | 11/21/2002 | [N] | 11/21/2002 | $597.49 | 100 | Pymt Cash | $0.99 | $596.50 |
| 20021211 002 | CONV | 12/11/2002 | [N] | 12/11/2002 | $597.49 | 100 | Pymt Cash | $1.00 | $596.49 |
| 20021211 001 | CONV | 12/11/2002 | [N] | 12/11/2002 | $595.51 | 100 | Pymt Cash | $0.00 | $595.51 |
| 20021230 001 | CONV | 12/30/2002 | [N] | 12/30/2002 | $597.49 | 100 | Pymt Cash | $0.00 | $597.49 |
| 20030221 001 | CONV | 2/21/2003 | [N] | 2/21/2003 | $597.49 | 100 | Pymt Cash | $0.00 | $597.49 |
| 20030315 001 | CONV | 3/15/2003 | [N] | 3/15/2003 | $597.49 | 100 | Pymt Cash | $0.99 | $596.50 |
| 20030414 002 | CONV | 4/14/2003 | [N] | 4/14/2003 | $597.49 | 100 | Pymt Cash | $0.99 | $596.50 |
| 20030523 001 | CONV | 5/23/2003 | [N] | 5/23/2003 | $597.49 | 100 | Pymt Cash | $0.00 | $597.49 |
| 20030528 001 | CONV | 5/28/2003 | [N] | 5/28/2003 | $488.78 | 100 | Pymt Cash | $0.00 | $488.78 |
| 20030630 002 | CONV | 6/30/2003 | [N] | 6/30/2003 | $488.78 | 100 | Pymt Cash | $28.87 | $459.91 |
| 20030630 001 | CONV | 6/30/2003 | [N] | 6/30/2003 | $1,056.33 | 100 | Pymt Speedpay | $0.00 | $0.00 |
| 20030731 001 | CONV | 7/31/2003 | [N] | 7/31/2003 | $1,086.27 | 100 | Pymt Cash | $29.40 | $1,056.87 |
| 20030828 001 | CONV | 8/28/2003 | [N] | 8/28/2003 | $1,086.27 | 100 | Pymt Cash | $29.67 | $1,056.60 |
| 20030930 001 | CONV | 9/30/2003 | [N] | 9/30/2003 | $1,056.33 | 80 | Defer Interest | $0.00 | $0.00 |
| 20031001 001 | CONV | 10/1/2003 | [N] | 10/1/2003 | $1,086.27 | 100 | Pymt Cash | $1.55 | $588.35 |
| 20031011 001 | CONV | 10/1/2003 | [N] | 10/1/2003 | $1,086.27 | 100 | Pymt Cash | $1.55 | $588.35 |
| 20031201 001 | CONV | 12/1/2003 | [N] | 12/1/2003 | $1,086.27 | 100 | Pymt Cash | $30.22 | $1,056.05 |
| 20040103 001 | CONV | 1/3/2004 | [N] | 1/3/2004 | $1,086.27 | 100 | Pymt Cash | $30.49 | $1,055.78 |
| 20040202 001 | CONV | 2/2/2004 | [N] | 2/2/2004 | $1,086.27 | 100 | Pymt Cash | $30.77 | $1,055.50 |
| 20040301 001 | CONV | 3/1/2004 | [N] | 3/1/2004 | $1,086.27 | 100 | Pymt Cash | $31.05 | $1,055.22 |
| 20040401 001 | CONV | 4/1/2004 | [N] | 4/1/2004 | $1,086.27 | 100 | Pymt Cash | $31.34 | $1,054.93 |
| 20040504 001 | CONV | 5/4/2004 | [N] | 5/4/2004 | $1,086.27 | 100 | Pymt Cash | $31.62 | $1,054.65 |
| 20040604 001 | CONV | 6/4/2004 | [N] | 6/4/2004 | $1,086.27 | 100 | Pymt Cash | $31.91 | $1,054.36 |
| 20040629 001 | CONV | 6/29/2004 | [N] | 6/29/2004 | $1,086.27 | 100 | Pymt Cash | $32.20 | $1,054.07 |
| 20040706 001 | CONV | 7/6/2004 | [N] | 7/6/2004 | $1,086.27 | 100 | Pymt Cash | $32.49 | $1,053.78 |
| 20040806 001 | CONV | 8/6/2004 | [N] | 8/6/2004 | $1,086.27 | 100 | Pymt Cash | $32.79 | $1,053.48 |
| 20040930 002 | CONV | 9/30/2004 | [N] | 9/30/2004 | $600.00 | 100 | Pymt Cash | $0.00 | $600.00 |
| 20040930 003 | CONV | 9/30/2004 | [N] | 9/30/2004 | $486.27 | 100 | Pymt Cash | $33.09 | $453.18 |
| 20040930 001 | CONV | 9/30/2004 | [N] | 9/30/2004 | $113.73 | 100 | Pymt Cash | $0.00 | $113.73 |
| 20041029 003 | CONV | 10/29/2004 | [N] | 10/29/2004 | $858.81 | 100 | Pymt Cash | $33.39 | $825.42 |
| 20041029 001 | CONV | 10/29/2004 | [N] | 10/29/2004 | $227.46 | 100 | Pymt Cash | $0.00 | $227.46 |
| 20041029 002 | CONV | 10/29/2004 | [N] | 10/29/2004 | $113.73 | 100 | Pymt Cash | $0.00 | $113.73 |
| 20041202 001 | CONV | 12/2/2004 | [N] | 12/2/2004 | $745.08 | 100 | Pymt Cash | $33.70 | $711.38 |
| 20041202 003 | CONV | 12/2/2004 | [N] | 12/2/2004 | $227.46 | 100 | Pymt Cash | $0.00 | $227.46 |
| 20041202 002 | CONV | 12/2/2004 | [N] | 12/2/2004 | $113.73 | 100 | Pymt Cash | $0.00 | $113.73 |

| Ref | Type | Flag | Date | Post Date | Amount | Code | Description | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 20041231 003 | CONV | [N] | 12/31/2004 | 12/31/2004 | $858.81 | 100 | Pymt Cash | $34.00 | $824.81 | $0.00 | $0.00 | $0.00 |
| 20041231 002 | CONV | [N] | 12/31/2004 | 12/31/2004 | $227.46 | 120 | Pymt Cash | $0.00 | $227.46 | $0.00 | $0.00 | $0.00 |
| 20041231 001 | CONV | [N] | 12/31/2004 | 12/31/2004 | $13.73 | 120 | Pymt Prin Only-Cash | $13.73 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20050131 002 | CONV | [N] | 1/31/2005 | 1/31/2005 | $617.62 | 100 | Pymt Cash | $261.83 | $355.79 | $0.00 | $0.00 | $0.00 |
| 20050131 001 | CONV | [N] | 1/31/2005 | 1/31/2005 | $241.19 | 100 | Pymt Cash | $0.00 | $241.19 | $0.00 | $0.00 | $0.00 |
| 20050301 003 | CONV | [N] | 3/1/2005 | 3/1/2005 | $603.89 | 100 | Pymt Cash | $0.00 | $603.89 | $0.00 | $0.00 | $0.00 |
| 20050301 002 | CONV | [N] | 3/1/2005 | 3/1/2005 | $254.92 | 100 | Pymt Cash | $0.00 | $254.92 | $0.00 | $0.00 | $0.00 |
| 20050301 001 | CONV | [N] | 3/1/2005 | 3/1/2005 | $241.19 | 100 | Pymt Cash | $0.00 | $241.19 | $0.00 | $0.00 | $0.00 |
| 20050404 003 | CONV | [N] | 4/4/2005 | 4/4/2005 | $576.43 | 100 | Pymt Cash | $0.00 | $576.43 | $0.00 | $0.00 | $0.00 |
| 20050404 002 | CONV | [N] | 4/4/2005 | 4/4/2005 | $268.65 | 100 | Pymt Cash | $0.00 | $268.65 | $0.00 | $0.00 | $0.00 |
| 20050404 001 | CONV | [N] | 4/4/2005 | 4/4/2005 | $254.97 | 100 | Pymt Cash | $0.00 | $254.92 | $0.00 | $0.00 | $0.00 |
| 20050428 003 | CONV | [N] | 4/28/2005 | 4/28/2005 | $548.97 | 100 | Pymt Cash | $0.00 | $548.97 | $0.00 | $0.00 | $0.00 |
| 20050428 002 | CONV | [N] | 4/28/2005 | 4/28/2005 | $262.38 | 100 | Pymt Cash | $0.00 | $262.38 | $0.00 | $0.00 | $0.00 |
| 20050428 001 | CONV | [N] | 4/28/2005 | 4/28/2005 | $268.65 | 100 | Pymt Cash | $0.00 | $268.65 | $0.00 | $0.00 | $0.00 |
| 20050531 003 | CONV | [N] | 5/31/2005 | 5/31/2005 | $521.51 | 100 | Pymt Cash | $0.00 | $521.51 | $0.00 | $0.00 | $0.00 |
| 20050531 002 | CONV | [N] | 5/31/2005 | 5/31/2005 | $296.11 | 100 | Pymt Cash | $0.00 | $296.11 | $0.00 | $0.00 | $0.00 |
| 20050531 001 | CONV | [N] | 5/31/2005 | 5/31/2005 | $282.38 | 100 | Pymt Cash | $0.00 | $282.38 | $0.00 | $0.00 | $0.00 |
| 20050701 003 | CONV | [N] | 7/1/2005 | 7/1/2005 | $494.05 | 100 | Pymt Cash | $0.00 | $494.05 | $0.00 | $0.00 | $0.00 |
| 20050701 002 | CONV | [N] | 7/1/2005 | 7/1/2005 | $309.84 | 100 | Pymt Cash | $0.00 | $309.84 | $0.00 | $0.00 | $0.00 |
| 20050701 001 | CONV | [N] | 7/1/2005 | 7/1/2005 | $296.11 | 100 | Pymt Cash | $0.00 | $296.11 | $0.00 | $0.00 | $0.00 |
| 20050726 002 | CONV | [N] | 7/26/2005 | 7/26/2005 | $12,209.26 | 121 | Pymt Prin Only-JE | $12,209.26 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20050726 001 | CONV | [N] | 7/26/2005 | 7/26/2005 | ($12,209.26) | 121 | | ($12,209.26) | $0.00 | $0.00 | $0.00 | $0.00 |
| 20050729 002 | CONV | [N] | 7/29/2005 | 7/29/2005 | $466.59 | 531 | REV Pymt Interest Only-JE | $356.12 | $108.47 | $0.00 | $0.00 | $0.00 |
| 20050729 001 | CONV | [N] | 7/29/2005 | 7/29/2005 | $323.57 | 112 | Pymt Mellon | $0.00 | $323.57 | $0.00 | $0.00 | $0.00 |
| 20050731 001 | GTA | | 7/31/2005 | 7/14/2005 | $12,209.26 | 121 | GTA CONVERSION TRANSACTION | $12,209.26 | $12,209.26 | $0.00 | $0.00 | $0.00 |
| 20050731 001 | GTA | | 7/31/2005 | 7/26/2005 | ($12,209.26) | 111 | GTA CONVERSION TRANSACTION | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20050726 003 | CONV | [N] | 7/26/2005 | 7/26/2005 | $12,703.39 | 231 | Interest Increase-JE | $0.00 | $12,703.39 | $0.00 | $0.00 | $0.00 |
| 20050726 002 | CONV | [N] | 7/26/2005 | 7/26/2005 | ($12,209.26) | 121 | | ($12,209.26) | ($12,209.26) | $0.00 | $0.00 | $0.00 |
| 20050726 001 | CONV | [N] | 7/26/2005 | 7/26/2005 | $12,209.26 | 121 | | $12,209.26 | $12,209.26 | $0.00 | $0.00 | $0.00 |
| 20050701 003 | CONV | [N] | 7/1/2005 | 7/1/2005 | $309.84 | 100 | Pymt Cash | $0.00 | $309.84 | $0.00 | $0.00 | $0.00 |
| 20050701 002 | CONV | [N] | 7/1/2005 | 7/1/2005 | $296.11 | 100 | Pymt Cash | $0.00 | $296.11 | $0.00 | $0.00 | $0.00 |
| 20050701 001 | CONV | [N] | 7/1/2005 | 7/1/2005 | $521.51 | 100 | Pymt Cash | $0.00 | $521.51 | $0.00 | $0.00 | $0.00 |
| 20050531 003 | CONV | [N] | 5/31/2005 | 5/31/2005 | $494.05 | 100 | Pymt Cash | $0.00 | $494.05 | $0.00 | $0.00 | $0.00 |
| 20050531 002 | CONV | [N] | 5/31/2005 | 5/31/2005 | $282.38 | 100 | Pymt Cash | $0.00 | $282.38 | $0.00 | $0.00 | $0.00 |
| 20050531 001 | CONV | [N] | 5/31/2005 | 5/31/2005 | $268.65 | 100 | Pymt Cash | $0.00 | $268.65 | $0.00 | $0.00 | $0.00 |
| 20050428 003 | CONV | [N] | 4/28/2005 | 4/28/2005 | $548.97 | 100 | Pymt Cash | $0.00 | $548.97 | $0.00 | $0.00 | $0.00 |
| 20050428 002 | CONV | [N] | 4/28/2005 | 4/28/2005 | $254.92 | 100 | Pymt Cash | $0.00 | $254.92 | $0.00 | $0.00 | $0.00 |
| 20050428 001 | CONV | [N] | 4/28/2005 | 4/28/2005 | $268.65 | 100 | Pymt Cash | $0.00 | $268.65 | $0.00 | $0.00 | $0.00 |
| 20050404 003 | CONV | [N] | 4/4/2005 | 4/4/2005 | $576.43 | 100 | Pymt Cash | $0.00 | $576.43 | $0.00 | $0.00 | $0.00 |
| 20050404 002 | CONV | [N] | 4/4/2005 | 4/4/2005 | $241.19 | 100 | Pymt Cash | $0.00 | $241.19 | $0.00 | $0.00 | $0.00 |
| 20050404 001 | CONV | [N] | 4/4/2005 | 4/4/2005 | $254.92 | 100 | Pymt Cash | $0.00 | $254.92 | $0.00 | $0.00 | $0.00 |
| 20050301 003 | CONV | [N] | 3/1/2005 | 3/1/2005 | $603.89 | 100 | Pymt Cash | $0.00 | $603.89 | $0.00 | $0.00 | $0.00 |
| 20050301 002 | CONV | [N] | 3/1/2005 | 3/1/2005 | $241.19 | 100 | Pymt Cash | $0.00 | $241.19 | $0.00 | $0.00 | $0.00 |
| 20050301 001 | CONV | [N] | 3/1/2005 | 3/1/2005 | $241.19 | 100 | Pymt Cash | $0.00 | $241.19 | $0.00 | $0.00 | $0.00 |
| 20050801 001 | GTA | [8/05] | 8/11/2005 | 8/11/2005 | ($1,100.00) | | | $0.00 | $0.00 | $0.00 | ($364.76) | $0.00 |
| 20050903 001 | REV | [8/05] | 9/3/2005 | 9/3/2005 | $1,100.00 | | | $0.00 | $0.00 | $351.03 | $0.00 | $0.00 |
| 20050903 002 | REV | [8/05] | 9/3/2005 | 9/3/2005 | ($1,100.00) | | | $0.00 | $0.00 | ($351.03) | $0.00 | $0.00 |
| 20050903 001 | CONV | [9/05] | 9/3/2005 | 9/3/2005 | $1,100.00 | 500 | REV Pymt-Cash | $0.00 | $0.00 | $25.66 | $0.00 | $0.00 |
| 20050927 001 | CONV | [9/05] | 9/27/2005 | 9/27/2005 | ($1,100.00) | 500 | REV Pymt-Cash | $0.00 | $0.00 | ($25.66) | $0.00 | $0.00 |
| 20050928 002 | GTA | [8/05] | 9/28/2005 | 9/28/2005 | $1,100.00 | 100 | Pymt Cash | $337.30 | $760.18 | $2.52 | $0.00 | $0.00 |
| 20050928 001 | GTA | [9/05] | 9/28/2005 | 9/28/2005 | $1,100.00 | 112 | Pymt Mellon | $337.30 | $760.18 | $2.52 | $0.00 | $0.00 |
| 20051003 001 | REV | [9/05] | 10/3/2005 | 10/3/2005 | ($1,100.00) | 100 | Pymt Mellon | ($32.52) | ($760.18) | ($337.30) | $0.00 | $0.00 |
| 20051004 001 | GTA | [9/05] | 10/4/2005 | 10/4/2005 | $1,100.00 | 112 | Pymt Mellon | $337.30 | $760.18 | $2.52 | $0.00 | $0.00 |
| 20051004 001 | REV | [10/05] | 10/4/2005 | 10/4/2005 | ($1,100.00) | 500 | REV Pymt-Cash | $723.31 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20051026 001 | GTA | [9/05] | 10/26/2005 | 10/26/2005 | $1,100.00 | 500 | REV Pymt-Cash | $723.31 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20051026 001 | REV | [10/05] | 10/26/2005 | 10/26/2005 | ($1,100.00) | 112 | Pymt Mellon | $723.31 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20051028 001 | GTA | [9/05] | 10/28/2005 | 10/28/2005 | $1,100.00 | 100 | Pymt Cash | $720.73 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20051028 001 | REV | [10/05] | 10/28/2005 | 10/28/2005 | $1,100.00 | 112 | Pymt Mellon | $723.31 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20051109 001 | REV | [10/05] | 11/9/2005 | 11/9/2005 | $1,100.00 | 112 | Pymt Mellon | $14.51 | $720.73 | $364.76 | $0.00 | $0.00 |
| 20051109 001 | REV | [11/05] | 11/9/2005 | 11/9/2005 | $1,100.00 | 112 | Pymt Mellon | $14.51 | $720.73 | $364.76 | $0.00 | $0.00 |
| 20051119 001 | GTA | [10/05] | 11/19/2005 | 11/9/2005 | 500 | | REV Pymt Mellon | $351.03 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20051123 001 | GTA | [11/05] | 11/23/2005 | 11/9/2005 | $1,100.00 | 100 | Pymt Cash | $0.00 | $0.00 | ($364.76) | $0.00 | $0.00 |
| 20051123 001 | GTA | [11/05] | 11/23/2005 | 11/9/2005 | ($1,100.00) | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20051125 001 | GTA | [10/05] | 11/25/2005 | 11/9/2005 | $1,100.00 | 100 | Pymt Cash | $14.51 | $720.73 | $0.00 | $0.00 | $0.00 |

| Account | Date | Period | Eff. Date | Amount | Type | Amt 1 | Amt 2 | Amt 3 |
|---|---|---|---|---|---|---|---|---|
| 20051125 001 GTA | 11/25/2005 | [11/05] | 11/9/2005 | $1,100.00 | 1/2 Pymt Mellon | $364.76 | $0.00 | $0.00 |
| 20051205 001 GTA | 12/5/2005 | [11/05] | 12/5/2005 | | | $3.36 | $718.15 | $0.00 |
| 20051205 001 GTA | 12/5/2005 | [12/05] | 12/5/2005 | | | $7.76 | $0.00 | $0.00 |
| 20060103 001 GTA | 1/3/2006 | [12/05] | 12/5/2005 | $370.73 | | $373.36 | $707.78 | $0.00 |
| 20060103 001 GTA | 1/3/2006 | [1/06] | 1/2/2006 | $1,100.00 | 1/2 Pymt Mellon | $0.00 | $18.86 | $0.00 |
| 20060131 001 GTA | 1/31/2006 | [1/06] | 1/2/2006 | | 1/2 Pymt Mellon | $694.05 | $694.05 | $0.00 |
| 20060131 001 GTA | 1/31/2006 | [1/06] | 1/30/2006 | | 1/2 Pymt Mellon | $29.95 | $0.00 | $0.00 |
| 20060227 001 GTA | 2/27/2006 | [2/06] | 1/30/2006 | $694.05 | 1/2 Pymt Mellon | $376.00 | $680.32 | $0.00 |
| 20060227 001 GTA | 2/27/2006 | [2/06] | 2/25/2006 | | 1/2 Pymt Mellon | $0.00 | $0.00 | $0.00 |
| 20060403 001 GTA | 4/3/2006 | [3/06] | 2/28/2006 | | 1/2 Pymt Mellon | $13.73 | $0.00 | $0.00 |
| 20060403 001 GTA | 4/3/2006 | [3/06] | 4/3/2006 | $1,086.27 | 1/2 Pymt Mellon | $354.94 | $707.60 | $0.00 |
| 20060403 001 GTA | 4/3/2006 | [4/06] | 4/3/2006 | | 1/2 Pymt Mellon | $13.73 | $0.00 | $0.00 |
| 20060503 001 GTA | 5/3/2006 | [4/06] | 5/2/2006 | $1,086.27 | 1/2 Pymt Mellon | $367.88 | $704.66 | $0.00 |
| 20060503 001 GTA | 5/3/2006 | [5/06] | 5/2/2006 | | 1/2 Pymt Mellon | $13.73 | $0.00 | $0.00 |
| 20060603 001 GTA | 6/3/2006 | [5/06] | 6/2/2006 | $1,086.27 | 1/2 Pymt Mellon | $370.58 | $701.96 | $0.00 |
| 20060603 001 GTA | 6/3/2006 | [6/06] | 6/2/2006 | | 1/2 Pymt Mellon | $13.73 | $0.00 | $0.00 |
| 20060701 001 GTA | 7/1/2006 | [6/06] | 7/1/2006 | $1,086.27 | 1/2 Pymt Mellon | $0.00 | $699.24 | $0.00 |
| 20060701 001 GTA | 7/1/2006 | [7/06] | 7/1/2006 | | 1/2 Pymt Mellon | $13.73 | $0.00 | $0.00 |
| 20060804 001 GTA | 8/4/2006 | [7/06] | 8/3/2006 | $1,086.27 | 1/2 Pymt Mellon | $373.30 | $0.00 | $0.00 |
| 20060804 001 GTA | 8/4/2006 | [8/06] | 8/3/2006 | | 1/2 Pymt Mellon | $13.73 | $0.00 | $0.00 |
| 20060824 001 GTA | 8/24/2006 | [8/06] | 8/24/2006 | ($980.42) | 2/11 Dist. Insurance Only Insurance Type: 10 | $0.00 | $696.50 | $0.00 |
| 20060824 001 GTA | 8/24/2006 | [8/06] | 8/24/2006 | | Insurance Type: 10 | $376.04 | $0.00 | ($980.42) |
| 20060831 001 GTA | 8/31/2006 | [8/06] | 8/30/2006 | $1,086.27 | 112 Pymt Mellon | $0.00 | $696.50 | $0.00 |
| 20060831 001 GTA | 8/31/2006 | [9/06] | 8/30/2006 | | 112 Pymt Mellon | $13.73 | $0.00 | $0.00 |
| 20060930 001 GTA | 9/30/2006 | [9/06] | 9/30/2006 | $1,086.27 | 112 Pymt Mellon | $378.80 | $693.74 | $0.00 |
| 20060930 001 GTA | 9/30/2006 | [10/06] | 9/30/2006 | | 112 Pymt Mellon | $13.73 | $0.00 | $0.00 |
| 20061103 001 GTA | 11/3/2006 | [10/06] | 11/2/2006 | $1,086.27 | 112 Pymt Mellon | $13.73 | $0.00 | $0.00 |
| 20061103 001 GTA | 11/3/2006 | GTA | 11/2/2006 | | 112 Pymt Mellon | $381.58 | $990.96 | $0.00 |
| | | | | | | $13.73 | $0.00 | $0.00 |
| | | | | | | $384.38 | $688.16 | $13.73 |

Copyright Green Tree Servicing LLC 2006. Proprietary and confidential.
Internal (Green Tree Servicing LLC) use only. Do not copy or distribute without prior written consent.

A should always be checked for the actual Principal Balance for GTA Accounts.
rin Bal is supplied for research purposed only.

EFiled: Mar 13 2008 6:00PM EDT
Transaction ID 18983427
Case No. 08C-03-011 RFS

# EXHIBIT E

GREEN TREE SERVICING LLC
345 SAINT PETER STREET- L800
SAINT PAUL, MN 55102
1-800-643-0202

MICHAEL CALLOWAY
CATHERINE CALLOWAY
514 KING STREET
LAUREL, DE 19956

| | [X] CORRECTED (if checked) | | |
|---|---|---|---|
| RECIPIENT'S/LENDER'S name, address, and telephone number | * Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 **2005** Form **1098** | **Mortgage Interest Statement** |

GREEN TREE SERVICING LLC
345 SAINT PETER STREET- L800
SAINT PAUL, MN 55102
1-800-643-0202

| RECIPIENT'S Federal identification no. 41-1795868 | PAYER'S social security number 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 | 1 Mortgage interest received from payer(s)/borrower(s)* $7,816.71 | Copy B For Payer The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return. |
|---|---|---|---|
| PAYER'S/BORROWER'S name, street address, city, state, and ZIP code | | 2 Points paid on purchase of principal residence (See Box 2 below.) | |

MICHAEL CALLOWAY
CATHERINE CALLOWAY
514 KING STREET
LAUREL, DE 19956

| | 3 Refund of overpaid interest (See Box 3 below.) |
|---|---|
| | 4 |

| Account number (see instructions) 88037954 | | |
|---|---|---|
| Form **1098** | (keep for your records) | Department of the Treasury - Internal Revenue Service |

## 1098 Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction for mortgage interest and points. Each borrower may have to include in income a share of any amount reported in box 3.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy. See the instructions for Form 1040, Schedule A, C, or E for how to report the mortgage interest. Also, for more information, see Pub. 936, Home Mortgage Interest Deduction, and Pub. 535, Business Expenses.

**Account number.** May show an account or other unique number the payer has assigned to distinguish your account.

**Box 1.** Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. **Caution:** If you prepaid interest in 2005 that accrued in full by January 15, 2006, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 2005 even though it may be included in box 1. If you hold a mortgage credit certificate and can claim the mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage, home equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation.

**Box 2.** Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in box 2 may also be deductible. See Pub. 936 or Schedule A (Form 1040) instructions.

**Box 3. Do not deduct this amount.** It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, you may have to include part or all of the box 3 amount on the "Other income" line of your 2005 Form 1040. No adjustment to your prior year(s) tax return(s) is necessary. For more information, see Pub. 936 and "Recoveries" in Pub. 525, Taxable and Nontaxable Income.

**Box 4.** The interest recipient may use this box to give you other information, such as the address of the property that secures the debt, real estate taxes, or insurance paid from escrow.

GREEN TREE SERVICING LLC
345 SAINT PETER STREET- L800
SAINT PAUL, MN 55102
1-800-643-0202

MICHAEL CALLOWAY
CATHERINE CALLOWAY
514 KING STREET
LAUREL, DE 19956

X  CORRECTED (if checked)

| RECIPIENT'S/LENDER'S name, address, and telephone number | * Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 | | |
|---|---|---|---|---|
| GREEN TREE SERVICING LLC 345 SAINT PETER STREET- L800 SAINT PAUL, MN 55102 1-800-643-0202 | | **2005** Form 1098 | **Mortgage Interest Statement** | |

| RECIPIENT'S Federal identification no. | PAYER'S social security number | 1 Mortgage interest received from payer(s)/borrower(s) * | | Copy B For Payer |
|---|---|---|---|---|
| 41-1795868 | 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 | | $7,433.70 | The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return. |
| PAYER'S/BORROWER'S name, street address, city, state, and ZIP code | | 2 Points paid on purchase of principal residence (See **Box 2** below.) | | |
| MICHAEL CALLOWAY CATHERINE CALLOWAY 514 KING STREET LAUREL, DE 19956 | | 3 Refund of overpaid interest (See **Box 3** below.) | | |
| | | 4 | | |
| Account number (see instructions) | | | | |
| 88037954 | | | | |

Form 1098                        (keep for your records)          Department of the Treasury - Internal Revenue Service

## 1098 Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction for mortgage interest and points. Each borrower may have to include in income a share of any amount reported in box 3.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy. See the instructions for Form 1040, Schedule A, C, or E for how to report the mortgage interest. Also, for more information, see Pub. 936, Home Mortgage Interest Deduction, and Pub. 535, Business Expenses.

**Account number.** May show an account or other unique number the payer has assigned to distinguish your account.

**Box 1.** Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. Caution: If you prepaid interest in 2005 that accrued in full by January 15, 2006, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 2005 even though it may be included in box 1. If you hold a mortgage credit certificate and can claim the mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage, home equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation.

**Box 2.** Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in this box may also be deductible. See Pub. 936 or Schedule A (Form 1040) instructions.

**Box 3. Do not deduct this amount.** It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, you may have to include part or all of the box 3 amount on the "Other income" line of your 2005 Form 1040. No adjustment to your prior year's tax return(s) is necessary. For more information, see Pub. 936 and "Recoveries" in Pub. 525, Taxable and Nontaxable Income.

**Box 4.** The interest recipient may use this box to give you other information, such as the address of the property that secures the debt, real estate taxes, or insurance paid from escrow.

GREEN TREE SERVICING LLC
345 SAINT PETER STREET- L800
SAINT PAUL, MN 55102
1-800-643-0202

MICHAEL CALLOWAY
CATHERINE CALLOWAY
514 KING STREET
LAUREL, DE 19956

☐ CORRECTED (if checked)

| RECIPIENT'S/LENDER'S name, address, and telephone number | * **Caution:** The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 **2005** Form **1098** | Mortgage Interest Statement |
|---|---|---|---|
| GREEN TREE SERVICING LLC<br>345 SAINT PETER STREET- L800<br>SAINT PAUL, MN 55102<br>1-800-643-0202 | | | Copy B<br>**For Payer** |

| RECIPIENT'S Federal identification no. | PAYER'S social security number | 1 Mortgage interest received from payer(s)/borrower(s)* | | The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return. |
|---|---|---|---|---|
| 41-1795868 | 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 | | $7,433.70 | |
| PAYER'S/BORROWER'S name, street address, city, state, and ZIP code | | 2 Points paid on purchase of principal residence (See **Box 2** below.) | | |
| MICHAEL CALLOWAY<br>CATHERINE CALLOWAY<br>514 KING STREET<br>LAUREL, DE 19956 | | 3 Refund of overpaid interest (See **Box 3** below.) | | |
| | | 4 | | |

Account number (see instructions)

88037954

Form **1098**                     (keep for your records)          Department of the Treasury - Internal Revenue Service

## 1098 Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction for mortgage interest and points. Each borrower may have to include in income a share of any amount reported in box 3.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy. See the instructions for Form 1040, Schedule A, C, or E for how to report the mortgage interest. Also, for more information, see Pub. 936, Home Mortgage Interest Deduction, and Pub. 535, Business Expenses.

**Account number.** May show an account or other unique number the payer has assigned to distinguish your account.

**Box 1.** Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are

deductible by you only in certain circumstances. **Caution:** If you prepaid interest in 2005 that accrued in full by January 15, 2006, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 2005 even though it may be included in box 1. If you hold a mortgage credit certificate and can claim the mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage, home equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation.

**Box 2.** Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in this box may also be deductible. See Pub. 936 or Schedule A (Form 1040) instructions.

**Box 3. Do not deduct this amount.** It is a refund (or credit for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, you may have to include part or all of the box 3 amount on the "Other income" line of you 2005 Form 1040. No adjustment to your prior year(s) tax return(s) is necessary. For more information, see Pub. 936 and "Recoveries" in Pub. 525, Taxable and Nontaxable Income.

**Box 4.** The interest recipient may use this box to give you other information, such as the address of the property that secures the debt, real estate taxes, or insurance paid from escrow.

Green Tree Servicing LLC
345 St Peter Street MS TAX-A
SAINT PAUL, MN 55102-1641
800-330-5183

MICHAEL CALLOWAY
CATHERINE CALLOWAY
514 KING STREET
LAUREL, DE 19956

[X] CORRECTED (if checked)

| RECIPIENT'S/LENDER'S name, address, and telephone number | * Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 | |
|---|---|---|---|
| Green Tree Servicing LLC<br>345 St Peter Street MS TAX-A<br>SAINT PAUL, MN 55102-1641<br>800-330-5183 | | **2004**<br><br>Form **1098** | **Mortgage<br>Interest<br>Statement** |

| RECIPIENT'S Federal identification no. | PAYER'S social security number | 1 Mortgage interest received from payer(s)/borrower(s)* $10,101.39 | Copy B<br>For Payer<br>The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return. |
|---|---|---|---|
| 41-1795868 | 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 | | |
| PAYER'S/BORROWER'S name, street address, city, state, and ZIP code | | 2 Points paid on purchase of principal residence (See **Box 2** below.) | |
| MICHAEL CALLOWAY<br>CATHERINE CALLOWAY<br>514 KING STREET<br>LAUREL, DE 19956 | | 3 Refund of overpaid interest (See **Box 3** below.) | |
| | | 4 | |

Account number (optional)
00000000006700107318

(keep for your records)                                    Department of the Treasury - Internal Revenue Service

Form **1098**

# 1098 Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction for mortgage interest and points. Each borrower may have to include in income a share of any amount reported in box 3.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy.

**Box 1.** Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. **Caution:** If you prepaid interest in 2004 that accrued in full by January 15, 2005, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 2004 even though it may be included in box 1. If you hold a mortgage interest credit certificate and can claim the mortgage interest credit, see **Form 8396**, Mortgage Interest Credit. If the interest was paid on a mortgage, home

equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation. For example, if a home equity loan exceeds $100,000 ($50,000 if married filing separately) or, together with other home loans, exceeds the fair market value of your home (such as in a high loan-to-value loan), your interest deduction may be limited. For more information, see **Pub. 936**, Home Mortgage Interest Deduction.

**Box 2.** Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in this box may also be deductible. See Pub. 936 or Schedule A (Form 1040) instructions.

**Box 3. Do not deduct this amount.** It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, include the total amount shown in box 3 on the "Other income" line of your 2004 Form 1040. However, do not report the refund as income if you did not itemize deductions in the year(s) you paid the interest. No adjustment to your prior year's tax return(s) is necessary. For more information, see **Pub. 936** and "Recoveries" in **Pub. 525**, Taxable and Nontaxable Income.

**Box 4.** The interest recipient may use this box to give you other information, such as the address of the property that secures the debt, real estate taxes, or insurance paid from escrow.

+ 0003340 000017080 096TP8 0937906 01252005
MICHAEL CALLOWAY
514 KING STREET
LAUREL DE 19956-1564

SC0104-000

## Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction for mortgage interest and points. Each borrower may have to include in income a share of any amount reported in box 3.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy.

Box 1. Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. Caution: *If you prepaid interest in 2004 that accrued in full by January 15, 2005, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 2004 even though it may be included in box 1. If you hold a mortgage credit certificate and can claim the*

mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage, home equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation. For example, if a home equity loan exceeds $100,000 ($50,000 if married filing separately), or, together with other home loans, exceeds the fair market value of your home (such as in a high loan-to-value loan), your interest deduction may be limited. For more information, see Pub. 936, Home Mortgage Interest Deduction.

Box 2. Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in this box may also be deductible. See Pub. 936 or Schedule A (Form 1040) instructions.

Box 3. Do not deduct this amount. It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, include the total amount shown in box 3 on the "Other income" line of your 2004 Form 1040. However, do not report the refund as income if you did not itemize deductions in the year(s) you paid the interest. No adjustment to your prior year(s) tax return(s) is necessary. For more information, see Pub. 936 and "Recoveries" in Pub. 525, Taxable and Nontaxable Income.

Box 4. The interest recipient may use this box to give you other information, such as real estate taxes or insurance paid from escrow.

☐ CORRECTED (if checked)

| RECIPIENT'S/LENDER'S name, address, and telephone number | * **Caution:** The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, and not reimbursed by another person. | OMB No. 1545-0901 | |
|---|---|---|---|
| Green Tree Servicing LLC<br>PO Box 6076<br>Rapid City, SD  57709-6076<br>1-800-330-5183 | | **2004**<br><br>Form **1098** | **Mortgage Interest Statement** |
| RECIPIENT'S Federal identification no. | PAYER'S social security number | 1 Mortgage interest received from payer(s)/borrower(s)* | **Copy B For Payer** |
| 41-1795868 | 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 | $ 13,930.13 | The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or because you did not report this refund of interest on your return. |
| PAYER'S/BORROWER'S name, street address (including apt. no.), city, state, and Zip code | | 2 Points paid on purchase of principal residence (See **Box 2** on back). | |
| MICHAEL CALLOWAY<br>514 KING STREET<br>LAUREL DE 19956-1564 | | $ | |
| | | 3 Refund of overpaid interest (See **Box 3** on back). | |
| | | $ | |
| | | 4 | |
| | | Account number (optional)<br>6700107318 | |

Form **1098**                    (Keep for your records.)                    Department of the Treasury - Internal Revenue Service

## Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction for mortgage interest and points. Each borrower may have to include in income a share of any amount reported in box 3. If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy.

**Box 1.** Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. **Caution:** *If you prepaid interest in 2003 that accrued in full by January 15, 2004, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 2003 even though it may be included in box 1. If you hold a mortgage credit certificate and can claim the*

mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage, home equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation. For example, if a home equity loan exceeds $100,000 ($50,000 if married filing separately), or, together with other home loans, exceeds the fair market value of your home (such as in a high loan-to-value loan), your interest deduction may be limited. For more information, see Pub. 936, Home Mortgage Interest Deduction.

**Box 2.** Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in this box may also be deductible. See Pub. 936 or Schedule A (Form 1040) instructions.

**Box 3.** Do not deduct this amount. It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, include the total amount shown in box 3 on the "Other income" line of your 2003 Form 1040. However, do not report the refund as income if you did not itemize deductions in the year(s) you paid the interest. No adjustment to your prior year(s) tax return(s) is necessary. For more information, see Pub. 936 and "Recoveries" in Pub. 525, Taxable and Nontaxable Income.

**Box 4.** The interest recipient may use this box to give you other information, such as real estate taxes or insurance paid from escrow.

Pg 2 of 2                                                        ☐ SC0111-000

☐ CORRECTED (if checked)

| RECIPIENT'S/LENDER'S name, address, and telephone number | * **Caution:** The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 **2003** Form **1098** | Mortgage Interest Statement |
|---|---|---|---|
| Green Tree 345 St. Peter Street TAX-A St. Paul MN 55102-1641 1-800-330-5183 | | | |
| RECIPIENT'S Federal identification no.  41-1795868 | PAYER'S social security number  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 | 1 Mortgage interest received from payer(s)/borrower(s)*  $ 8,725.26 | **Copy B For Payer** The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return. |
| PAYER'S/BORROWER'S name, street address (including apt. no.), city, state, and Zip code | | 2 Points paid on purchase of principal residence (See Box 2 on back).  $ | |
| MICHAEL S CALLOWAY CATHERINE L CALLOWAY 514 KING STREET LAUREL DE 19956-1564 | | 3 Refund of overpaid interest (See Box 3 on back).  $ | |
| | | 4 | |
| | | Account number (optional)  6700107318 | |

(Keep for your records.)                    Department of the Treasury - Internal Revenue Service

* 0004610 000002583 09CYF1 0056509

Green Tree Servicing LLC
345 St Peter Street MS TAX-A
SAINT PAUL, MN 55102-1641
800-330-5183

CALLOWAY MICHAEL S
CALLOWAY CATHERINE L
514 KING STREET
LAUREL, DE 19956

| | [X] CORRECTED (if checked) | | |
|---|---|---|---|

| RECIPIENT'S/LENDER'S name, address, and telephone number | * Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 **2003** Form 1098 | **Mortgage Interest Statement** |
|---|---|---|---|

Green Tree Servicing LLC
345 St Peter Street MS TAX-A
SAINT PAUL, MN 55102-1641
800-330-5183

| RECIPIENT'S Federal identification no. | PAYER'S social security number | 1 Mortgage interest received from payer(s)/borrower(s)* | Copy B For Payer |
|---|---|---|---|
| 41-1795868 | 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 | $6,971.41 | The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return. |

| PAYER'S/BORROWER'S name, street address, city, state, and ZIP code | 2 Points paid on purchase of principal residence (See Box 2 below.) | |
|---|---|---|
| CALLOWAY MICHAEL S
CALLOWAY CATHERINE L
514 KING STREET
LAUREL, DE 19956 | | |
| | 3 Refund of overpaid interest (See Box 3 below.) | |
| | 4 | |

| Account number (optional) | | |
|---|---|---|
| 00000000008700107318 | | |

Form **1098**                    (keep for your records)          Department of the Treasury - Internal Revenue Service

# 1098 Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction for mortgage interest and points. Each borrower may have to include in income a share of any amount reported in box 3.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy.

**Box 1.** Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. **Caution:** If you prepaid interest in 2003 that accrued in full by January 15, 2004, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 2003 even though it may be included in box 1. If you hold a mortgage credit certificate and can claim the mortgage interest credit, see **Form 8396,** Mortgage Interest Credit. If the interest was paid on a mortgage, home

equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation. For example, if a home equity loan exceeds $100,000 ($50,000 if married filing separately) or, together with other home loans, exceeds the fair market value of your home (such as in a high loan-to-value loan), your interest deduction may be limited. For more information, see Pub. 936, Home Mortgage Interest Deduction.

**Box 2.** Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in this box may also be deductible. See Pub. 936 or Schedule A (Form 1040) instructions.

**Box 3. Do not deduct this amount.** It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, include the total amount shown in box 3 on the "Other income" line of your 2003 Form 1040. However, do not report the refund as income if you did not itemize deductions in the year(s) you paid the interest. No adjustment to your prior year(s) tax return(s) is necessary. For more information, see Pub. 936 and "Recoveries" in **Pub. 525,** Taxable and Nontaxable Income.

**Box 4.** The interest recipient may use this box to give you other information, such as the address of the property that secures the debt, real estate taxes, or insurance paid from escrow.

Conseco Finance Servicing Corp
345 St Peter Street MS L604A
SAINT PAUL, MN 55102-1641
800-330-5183

CALLOWAY MICHAEL S
CALLOWAY CATHERINE L
514 KING STREET
LAUREL, DE 19956

[X]  CORRECTED (if checked)

| RECIPIENT'S/LENDER'S name, address, and telephone number | * **Caution:** The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 | Mortgage Interest Statement |
|---|---|---|---|
| Conseco Finance Servicing Corp<br>345 St Peter Street MS L604A<br>SAINT PAUL, MN 55102-1641<br>800-330-5183 | | **2002**<br><br>Form 1098 | |

| RECIPIENT'S Federal identification no. | PAYER'S social security number | 1 Mortgage interest received from payer(s)/borrower(s) * | Copy B |
|---|---|---|---|
| 41-1795868 | 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 | $4,490.75 | **For Payer**<br>The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return. |
| PAYER'S/BORROWER'S name, street address, city, state, and ZIP code | | 2 Points paid on purchase of principal residence (See Box 2 below.) | |
| CALLOWAY MICHAEL S<br>CALLOWAY CATHERINE L<br>514 KING STREET<br>LAUREL, DE 19956 | | 3 Refund of overpaid interest (See **Box 3** below.) | |
| | | 4 | |
| Account number (optional) | | | |
| 0000000006700107318 | | | |

Form **1098**                    (keep for your records)          Department of the Treasury - Internal Revenue Service

## 1098 Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction for mortgage interest and points. Each borrower may have to include in income a share of any amount reported in box 3.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy.

**Box 1.** Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. **Caution:** If you prepaid interest in 2002 that accrued in full by January 15, 2003, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 2002 even though it may be included in box 1. If you hold a mortgage credit certificate and can claim the mortgage interest credit, see **Form 8396,** Mortgage Interest Credit. If the interest was paid on a mortgage, home

equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation. For example, if a home equity loan exceeds $100,000 ($50,000 if married filing separately) or, together with other home loans, exceeds the fair market value of your home (such as in a high loan-to-value loan), your interest deduction may be limited. For more information, see **Pub. 936,** Home Mortgage Interest Deduction.

**Box 2.** Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in this box may also be deductible. See Pub. 936 or Schedule A (Form 1040) instructions.

**Box 3. Do not deduct this amount.** It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, include the total amount shown in box 3 on the "Other income" line of your 2002 Form 1040. However, do not report the refund as income if you did not itemize deductions in the year(s) you paid the interest. No adjustment to your prior year(s) tax return(s) is necessary. For more information, see Pub. 936 and "Recoveries" in **Pub. 525,** Taxable and Nontaxable Income.

**Box 4.** The interest recipient may use this box to give you other information, such as the address of the property that secures the debt, real estate taxes, or insurance paid from escrow.

---

RECIPIENT'S/LENDER'S name, address, and telephone number

Conseco Finance Servicing Corp.
345 St Peter Street MS L604A
St Paul MN 55102

1-800-330-5183

* Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person.

OMB No. 1545-0901

**2002**

Form **1098**

**Mortgage Interest Statement**

| RECIPIENT'S Federal identification no. | PAYER'S social security number | 1 Mortgage interest received from payer(s)/borrower(s)* |
|---|---|---|
| 41-1795868 | 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 | $      5603.90 |

PAYER'S/BORROWER'S name, street address (including apt. no.), city, state, and Zip code

Calloway Michael S
Calloway Catherine L
514 King Street
Laurel DE 19956-1564

2 Points paid on purchase of principal residence (See **Box 2** on back).

$

3 Refund of overpaid interest (See **Box 3** on back).

$             .00

4

Account number (optional)                6700107318

**Copy B
For Payer**

The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return.

Form **1098**        057443 5673 1098A 372        (Keep for your records.)        Department of the Treasury - Internal Revenue Service

---

☐ CORRECTED (if checked)

RECIPIENT'S/LENDER'S name, address, and telephone number

CONSECO FINANCE SERVICING CORP.
345 ST. PETER STREET, MS L604A
ST. PAUL MN  55102

1-800-330-5183

* Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person.

OMB No. 1545-0901

**2001**

Form **1098**

**Mortgage Interest Statement**

| RECIPIENT'S Federal identification no. | PAYER'S social security number | 1 Mortgage interest received from payer(s)/borrower(s)* |
|---|---|---|
| 41-1795868 | 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 | $      7779.23 |

PAYER'S/BORROWER'S name, street address (including apt. no.), city, state, and Zip code

Calloway Michael S
Calloway Catherine L
514 King Street
Laurel DE 19956-1564

2 Points paid on purchase of principal residence (See **Box 2** on back).

$             .00

3 Refund of overpaid interest (See **Box 3** on back).

$             .00

4

Account number (optional)
00000000006700107318

**Copy B
For Payer**

The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return.

Form **1098**        064258 6531 1098A 372        (Keep for your records.)        Department of the Treasury - Internal Revenue Service

Conseco Finance Servicing Corp
345 St Peter Street MS L604A
SAINT PAUL, MN 55102-1641
800-330-5183

CALLOWAY MICHAEL S
CALLOWAY CATHERINE L
514 KING STREET
LAUREL, DE 19956

[X] CORRECTED (if checked)

| RECIPIENT'S/LENDER'S name, address, and telephone number | * **Caution:** The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply.  Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 | **Mortgage** |
|---|---|---|---|
| Conseco Finance Servicing Corp<br>345 St Peter Street MS L604A<br>SAINT PAUL, MN 55102-1641<br>800-330-5183 | | **2001**<br><br>Form **1098** | **Interest**<br>**Statement** |

| RECIPIENT'S Federal identification no. | PAYER'S social security number | 1 Mortgage interest received from payer(s)/borrower(s) * | | Copy B<br>For Payer |
|---|---|---|---|---|
| 41-1795868 | 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 | | $6,891.78 | The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return. |
| PAYER'S/BORROWER'S name, street address, city, state, and ZIP code | | 2 Points paid on purchase of principal residence (See **Box 2** below.) | | |
| CALLOWAY MICHAEL S<br>CALLOWAY CATHERINE L<br>514 KING STREET<br>LAUREL, DE 19956 | | 3 Refund of overpaid interest (See **Box 3** below.) | | |
| | | 4 | | |
| Account number (see instructions) | | | | |
| 0000000006700107318 | | | | |

Form **1098**                    (keep for your records)                    Department of the Treasury - Internal Revenue Service

## 1098 Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction for mortgage interest and points. Each borrower may have to include in income a share of any amount reported in box 3.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy. See the instructions for Form 1040, Schedule A, C, or E for how to report the mortgage interest. Also, for more information, see Pub. 936, Home Mortgage Interest Deduction, and Pub. 535, Business Expenses.

**Account number.** May show an account or other unique number the payer has assigned to distinguish your account.

**Box 1.** Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are

deductible by you only in certain circumstances. **Caution:** If you prepaid interest in 2001 that accrued in full by January 15, 2002, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 2001 even though it may be included in box 1. If you hold a mortgage credit certificate and can claim the mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage, home equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation.

**Box 2.** Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in this box may also be deductible. See Pub. 936 or Schedule A (Form 1040) instructions.

**Box 3. Do not deduct this amount.** It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, you may have to include part or all of the box 3 amount on the "Other income" line of your 2001 Form 1040. No adjustment to your prior year(s) tax return(s) is necessary. For more information, see Pub. 936 and "Recoveries" in Pub. 525, Taxable and Nontaxable Income.

**Box 4.** The interest recipient may use this box to give you other information, such as the address of the property that secures the debt, real estate taxes, or insurance paid from escrow.

Conseco Finance Servicing Corp.
600 Landmark Towers
345 St. Peter Street
St. Paul, MN 55102
(651)602-3945


CALLOWAY MICHAEL S
CALLOWAY CATHERINE L
514 KING STREET
LAUREL, DE 19956

[X] CORRECTED (if checked)

| RECIPIENT'S/LENDER'S name, address, and telephone number | * **Caution:** The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 | |
|---|---|---|---|
| Conseco Finance Servicing Corp.<br>600 Landmark Towers<br>345 St. Peter Street<br>St. Paul, MN 55102<br>(651)602-3945 | | **2000**<br><br>Form **1098** | **Mortgage Interest Statement** |

| RECIPIENT'S Federal identification no. | PAYER'S social security number | 1 Mortgage interest received from payer(s)/borrower(s) * | | Copy B For Payer |
|---|---|---|---|---|
| 41-1795868 | 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 | | $9,868.15 | The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return. |
| PAYER'S/BORROWER'S name, street address, city, state, and ZIP code | | 2 Points paid on purchase of principal residence (See **Box 2** below.) | | |
| CALLOWAY MICHAEL S<br>CALLOWAY CATHERINE L<br>514 KING STREET<br>LAUREL, DE 19956 | | 3 Refund of overpaid interest (See **Box 3** below.) | | |
| | | 4 | | |
| Account number (see instructions) | | | | |
| 00000000006700107318 | | | | |

Form **1098**                  (keep for your records)                  Department of the Treasury - Internal Revenue Service

## 1098 Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction for mortgage interest and points. Each borrower may have to include in income a share of any amount reported in box 3.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy. See the instructions for Form 1040, Schedule A, C, or E for how to report the mortgage interest. Also, for more information, see Pub. 936, Home Mortgage Interest Deduction, and Pub. 535, Business Expenses.

**Account number.** May show an account or other unique number the payer has assigned to distinguish your account.

**Box 1.** Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. **Caution:** If you prepaid interest in 2000 that accrued in full by January 15, 2001, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 2000 even though it may be included in box 1. If you hold a mortgage credit certificate and can claim the mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage, home equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation.

**Box 2.** Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. See Pub. 936 or Schedule A (Form 1040) instructions.

**Box 3. Do not deduct this amount.** It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, you may have to include part or all of the box 3 amount on the "Other income" line of your 2000 Form 1040. No adjustment to your prior year(s) tax return(s) is necessary. For more information, see Pub. 936 and "Recoveries" in Pub. 525, Taxable and Nontaxable Income.

**Box 4.** The interest recipient may use this box to give you other information, such as the address of the property that secures the debt, real estate taxes, or insurance paid from escrow.

Conseco Finance Servicing Corp
345 St. Peter Street L604
St. Paul, MN 55102-1641
800-643-0202

MICHAEL S CALLOWAY
CATHERINE CALLOWAY
514 KING STREET
LAUREL, DE 19956

☒ CORRECTED (if checked)

| RECIPIENT'S/LENDER'S name, address, and telephone number | * **Caution:** The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 | |
|---|---|---|---|
| Conseco Finance Servicing Corp<br>345 St. Peter Street L604<br>St. Paul, MN 55102-1641<br>800-643-0202 | | **1999**<br>Form **1098** | **Mortgage Interest Statement** |

| RECIPIENT'S Federal identification no. | PAYER'S social security number | 1 Mortgage interest received from payer(s)/borrower(s)* | Copy B |
|---|---|---|---|
| 41-1795868 | 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 | $9,401.00 | **For Payer** |
| PAYER'S/BORROWER'S name, street address, city, state, and ZIP code | | 2 Points paid on purchase of principal residence (See **Box 2** below.) | The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return. |
| MICHAEL S CALLOWAY<br>CATHERINE CALLOWAY<br>514 KING STREET<br>LAUREL, DE 19956 | | 3 Refund of overpaid interest (See **Box 3** below.) | |
| | | 4 | |
| Account number (see instructions) | | | |
| 880379540 | | | |

Form 1098                    (keep for your records)          Department of the Treasury - Internal Revenue Service

## 1098 Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction for mortgage interest and points. Each borrower may have to include in income a share of any amount reported in box 3.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy. See the instructions for Form 1040, Schedule A, C, or E for how to report the mortgage interest. Also, for more information, see Pub. 936, Home Mortgage Interest Deduction, and Pub. 535, Business Expenses.

**Account number.** May show an account or other unique number the payer has assigned to distinguish your account.

**Box 1.** Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are

deductible by you only in certain circumstances. **Caution:** If you prepaid interest in 1999 that accrued in full by January 15, 2000, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 1999 even though it may be included in box 1. If you hold a mortgage credit certificate and can claim the mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage, home equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation.

**Box 2.** Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. (See Pub. 936 or Schedule A (Form 1040) instructions.

**Box 3. Do not deduct this amount.** It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, you may have to include part or all of the box 3 amount on the "Other income" line of your 1999 Form 1040. No adjustment to your prior year's tax return(s) is necessary. For more information, see Pub. 936 and "Recoveries" in Pub. 525, Taxable and Nontaxable Income.

**Box 4.** The interest recipient may use this box to give you other information, such as the address of the property that secures the debt, real estate taxes, or insurance paid from escrow.

Page 1 of 1

Green Tree Financial Corp
345 St Peter St 500 landmark towers
St Paul, MN 55102

MICHAEL CALLOWAY
CATHERINE CALLOWAY
514 KING STREET
LAUREL, DE 19956

☒ CORRECTED (if checked)

| RECIPIENT'S/LENDER'S name, address, and telephone number | * Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 | |
|---|---|---|---|
| Green Tree Financial Corp<br>345 St Peter St 500 landmark towers<br>St Paul, MN 55102 | | **1998**<br><br>Form **1098** | **Mortgage<br>Interest<br>Statement** |

| RECIPIENT'S Federal identification no. | PAYER'S social security number | 1 Mortgage interest received from payer(s)/borrower(s) * | | Copy B |
|---|---|---|---|---|
| 41-1807858 | 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 | | $5,167.33 | **For Payer** |
| PAYER'S/BORROWER'S name, street address, city, state, and ZIP code | | 2 Points paid on purchase of principal residence (See Box 2 below.) | | The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return. |
| MICHAEL CALLOWAY<br>CATHERINE CALLOWAY<br>514 KING STREET<br>LAUREL, DE 19956 | | 3 Refund of overpaid interest (See Box 3 below.) | | |
| | | 4 | | |
| Account number (see instructions)<br>880379540 | | | | |

Form **1098**         (keep for your records)         Department of the Treasury - Internal Revenue Service

## 1098 Instructions for Payer/Borrower

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers, furnish each of the other borrowers with information about the proper distribution of amounts reported on this form. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction for mortgage interest and points. Each borrower may have to include in income a share of any amount reported in box 3.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy. See the instructions for Form 1040, Schedule A, C, or E for how to report the mortgage interest. Also, for more information, see Pub. 936, Home Mortgage Interest Deduction, and Pub. 535, Business Expenses.

**Account number.** May show an account or other unique number the payer has assigned to distinguish your account.

**Box 1.** Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. **Caution:** If you prepaid interest in 1998 that accrued in full by January 15, 1999, this prepaid interest may be included in box 1. However, you cannot deduct the prepaid amount in 1998 even though it may be included in box 1. If you hold a mortgage credit certificate and can claim the mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage, home equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation.

**Box 2.** Not all points are reportable to you. Box 2 shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally, these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in this box may also be deductible. See Pub. 936 or Schedule A (Form 1040) instructions.

**Box 3. Do not deduct this amount.** It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. If you itemized deductions in the year(s) you paid the interest, you may have to include part or all of the box 3 amount on the "Other income" line of you 1998 Form 1040. No adjustment to your prior year(s) tax return(s) is necessary. For more information, see Pub. 936 and "Recoveries" in Pub. 525, Taxable and Nontaxable Income.

**Box 4.** The interest recipient may use this box to give you other information, such as the address of the property that secures the debt, real estate taxes, or insurance paid from escrow.

[X] CORRECTED

| PAYER'S name (first, middle, last)<br>Michael S. Calloway<br>514 King Street<br>Laurel DE 19956-1564 | * The amount shown may not be fully deductible by you on your Federal income tax return. Limitations based on the cost and value of the secured property may apply. In addition, you may only deduct an amount of mortgage interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901<br><br>**1998** | Mortgage Interest Statement |
|---|---|---|---|
| RECIPIENT'S Federal identification no.<br>411795868 | PAYER'S social security number<br>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 | 1 Mortgage interest received from payer(s)/borrower(s)*<br>$ 7612.89 | CALENDAR YEAR<br>1998 |
| RECIPIENT'S name, street, address, city, state, and ZIP code<br>Green Tree Financial Servicing Corporation<br>332 Minnesota St. Suite 600<br>St. Paul MN 55101<br>Phone No. 1-800-330-5183 | 2 Points  0.00<br><br>3 Refund of Overpaid Interest<br>0.25- | | The information in Box 1 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if the IRS determines that an underpayment of tax results because you failed to properly show this amount on your return. |
| Account number  6700107318 | | | |

Department of the Treasury - Internal Revenue Service

Form 1098

**Instructions for Payer/Borrower**

Person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers entitled to a deduction for this interest, please furnish each of the other borrowers with information about the proper distribution of the amounts shown on this form. Each borrower is entitled to deduct only the amount he or she paid that represents his or her share of the amount allowable as a mortgage interest deduction.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy.

Box 1.-Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation (including a home equity, line of credit, or credit card loan) secured by real property. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. Caution: *If you prepaid interest in this calendar year that accrued in full by January 15, next year, this prepaid interest may be included in Box 1. However, even though the prepaid amount may be included in this calendar year, you cannot deduct the prepaid amount in this calendar year.* For more information, see Pub. 545, Interest Expense. If you can claim the mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage secured by your personal residence, it may be subject to a deduction limitation. See the instructions for Schedule A (Form 1040).

Box 2.-This box is for use by the interest recipient to furnish other information to you, such as real estate taxes or insurance paid from escrow.

A0802

DEFINITION OF:  This calendar year, this is the year printed on the face of this form.

| PAYER'S name (first, middle, last)<br><br>Michael S. Calloway<br>514 King Street<br>Laurel DE 19956-1564 | * The amount shown may not be fully deductible by you on your Federal income tax return. Limitations based on the cost and value of the secured property may apply. In addition, you may only deduct an amount of mortgage interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901.<br><br>**1998** | Mortgage<br>Interest<br>Statement |
|---|---|---|---|

| RECIPIENT'S Federal identification no.<br>411795868 | PAYER'S social security number<br>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 | 1 Mortgage interest received from payer(s)/borrower(s)*<br><br>$        8131.22 | CALENDAR YEAR<br>1998 |
|---|---|---|---|

| RECIPIENT'S name, street, address, city, state, and ZIP code<br><br>Green Tree Financial Servicing Corporation<br>332 Minnesota St. Suite 600<br>St. Paul MN 55101<br>Phone No. 1-800-330-5183 | 2        Points  0.00<br><br>3        Refund of Overpaid Interest<br><br>                0.00 | The information in Box 1 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if the IRS determines that an underpayment of tax results because you failed to properly show this amount on your return. |
|---|---|---|

| Account number        6700107318 | | |
|---|---|---|

Department of the Treasury - Internal Revenue Service

Form **1098**

**Instructions for Payer/Borrower**

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers entitled to a deduction for the interest and points shown on this form, please furnish each of the other borrowers with information about the proper distribution of these amounts. Each borrower is entitled to deduct only the amount he or she paid and points paid by the seller that represent his or her share of the amount allowable as a deduction for mortgage interest and points.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy.

**Box 1--** Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit or credit card loan. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. **Caution:** If you prepaid interest in 1998 that accrued in full by January 15, 1999, this prepaid interest may be included in box 1. However, even though the prepaid amount may be included in

box 1, you cannot deduct the prepaid amount in 1998. For more information, see Pub. 936, Home Mortgage Interest Deduction. If you are a mortgage credit certificate holder who can claim the mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage, home equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation as explained in the instructions for Schedule A (Form 1040).

**Box 2--** Not all points are reportable to you. This form shows points you or the seller paid this year for the purchase of your principal residence that are required to be reported to you. Generally these points are fully deductible in the year paid, but you must subtract seller-paid points from the basis of your residence. Other points not reported in this box may be deductible. See Pub. 936. Also see your Form 1040 instructions.

**Box 3--** Do not deduct this amount. It is a refund (or credit) for overpayment(s) of interest you made in a prior year or years. Generally, list the total amount shown in box 3 on the "Other income" line on your 1998 Form 1040. However, do not report the refund as income if you did not itemize deductions in the year(s) you paid the interest. No adjustment to your prior year(s) tax return(s) is necessary. For more information, see Pub. 525, Taxable and Nontaxable Income.

**Box 4--** This box is for use by the interest recipient to furnish other information to you, such as real estate taxes or insurance paid from escrow.

F0850

DEFINITION OF:  This calendar year, this is the year printed on the face of this form.

RECIPIENT'S/LENDER'S name, address, and telephone number

Conseco Finance Servicing Corp
345 St. Peter Street, MS 6604A
St. Paul, MN 55102-1641

OMB No. 1545-0901

**1997**

Form **1098**

**Mortgage Interest Statement**

| RECIPIENT'S Federal identification no. | PAYER'S social security number |
|---|---|
| 41-1795868 | 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 |

**1** Mortgage interest received from payer(s)/borrower(s)

$ 4507.99

**Copy A**

**For Internal Revenue Service Center**

**File with Form 1096.**

PAYER'S/BORROWER'S name

Michael Calloway
514 King Street
Laurel, DE 19956

**2** Points paid on purchase of principal residence

$

Street address (including apt. no.)

**3** Refund of overpaid interest

$

City, state, and ZIP code

**4**

For Paperwork Reduction Act Notice and instructions for completing this form, see **Instructions for Forms 1099, 1098, 5498, and W-2G.**

Account number (optional)

880379540

Form **1098**

Cat. No. 14402K

Department of the Treasury - Internal Revenue Service

**Do NOT Cut or Separate Forms on This Page**

**[X] CORRECTED**

| PAYER'S name (first, middle, last) | | * The amount shown may not be fully deductible by you on your Federal income tax return. Limitations based on the cost and value of the secured property may apply. In addition, you may only deduct an amount of mortgage interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 | Mortgage Interest Statement |
| Michael S. Calloway<br>514 King Street<br>Laurel DE 19956-1564 | | | **1997** | |
| RECIPIENT'S Federal identification no.<br>411795868 | PAYER'S social security number<br>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 | 1 Mortgage interest received from payer(s)/borrower(s)*<br>$    10182.91 | | CALENDAR YEAR<br>**1997** |
| RECIPIENT'S name, street, address, city, state, and ZIP code | | 2    Points    0.00 | | The information in Box 1 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if the IRS determines that an underpayment of tax results because you failed to properly show this amount on your return. |
| Green Tree Financial Servicing Corporation<br>332 Minnesota St. Suite 600<br>St. Paul MN 55101<br>Phone No. 1-800-330-5183 | | | | |
| Account number    6700107318 | | | | |

Form **1098**                                                              Department of the Treasury - Internal Revenue Service

Instructions for Payer/Borrower

Person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest on any one mortgage in the calendar year must furnish this statement to you.

   If you received this statement as the payer of record on a mortgage on which there are other borrowers entitled to a deduction for this interest, please furnish each of the other borrowers with information about the proper distribution of the amounts shown on this form. Each borrower is entitled to deduct only the amount he or she paid that represents his or her share of the amount allowable as a mortgage interest deduction.

   If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy.

Box 1.-Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation (including a home equity, line of credit, or credit card loan) secured by real property. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. *Caution: If you prepaid interest in this calendar year that accrued in full by January 15, next year, this prepaid interest may be included in Box 1. However, even though the prepaid amount may be included in Box 1, you cannot deduct the prepaid amount in this calendar year. For more information, see Pub. 545, Interest Expense. If you can claim the mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage secured by your personal residence, it may be subject to a deduction limitation. See the instructions for Schedule A (Form 1040).*

Box 2.-This box is for use by the interest recipient to furnish other information to you, such as real estate taxes or insurance paid from escrow.

DEFINITION OF: This calendar year, this is the year printed on the face of this form.

C22

| PAYER'S name (first, middle, last) | | * The amount shown may not be fully deductible by you on your Federal tax return. Limitations based on the cost and value of the secured property may apply. In addition, you may only deduct an amount of mortgage interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 | Mortgage Interest Statement |
|---|---|---|---|---|
| Michael S. Calloway 514 King Street Laurel DE 19956-1564 | | | **1997** | |
| RECIPIENT'S Federal identification no. 411795868 | PAYER'S social security number 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 | | | CALENDAR YEAR **1997** |
| RECIPIENT'S name, street, address, city, state, and ZIP code | | 1 Mortgage interest received from payer(s)/borrower(s)* $ 13560.06 | | The information in Box 1 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if the IRS determines that an underpayment of tax results because you failed to properly show this amount on your return. |
| Green Tree Financial Servicing Corporation 332 Minnesota St. Suite 600 St. Paul MN 55101 Phone No. 1-800-330-5183 | | Points        0.00 | 2 | |
| ccount number    6700107318 | | | | |

rm 1098

structions for Payer/Borrower

Department of the Treasury - Internal Revenue Service

erson (including a financial institution, a governmental unit, and a cooperative housing poration) who is engaged in a trade or business and, in the course of such trade or siness, received from you at least $600 of mortgage interest on any one mortgage in the ender year must furnish this statement to you.

you received this statement as the payer of record on a mortgage on which there are er borrowers entitled to a deduction for this interest, please furnish each of the other rowers with information about the proper distribution of the amounts shown on this form. th borrower is entitled to deduct only the amount he or she paid that represents his or her re of the amount allowable as a mortgage interest deduction.

your mortgage payments were subsidized by a government agency, you may not be able deduct the amount of the subsidy.

Box 1.-Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation (including a home equity, line of credit, or credit card loan) secured by real property. This amount does not include points, government subsidy payments, or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. Caution: *If you prepaid interest in this calendar year that accrued in full by January 15, next year, this prepaid interest may be included in Box 1. However, even though the prepaid amount may be included in Box 1, you cannot deduct the prepaid amount in this calendar year.* For more information, see Pub. 545, Interest Expense. If you can claim the mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage secured by your personal residence, it may be subject to a deduction limitation. See the instructions for Schedule A (Form 1040).

Box 2.-This box is for use by the interest recipient to furnish other information to you, such as real estate taxes or insurance paid from escrow.

DEFINITION OF: This calendar year, this is the year printed on the face of this form.

C37

RAPID CITY, SD  57709

INVESTOR: 000001003

SOCIAL SECURITY NUMBER: 216 26 8402

PHONE:  800 330 5183      000 000 0000

FEDERAL ID NUMBER:  52 0948399

| | | AMOUNTS COLLECTED |
|---|---|---|
| BEGINNING BALANCE | 1/01/96 | INTEREST APPLIED | 2,279 93 |
| PRINCIPAL | 125,000 00 | PRINCIPAL REDUCTION | 292 03 |
| ESCROW | 0 00 | FHA SUBSIDY | |
| | | ESCROW APPLIED | |
| ENDING BALANCE | 12/31/96 | OPEN DATE  10/09/96 | INTEREST POINTS | |
| PRINCIPAL | 124,707 97 | AVERAGE BALANCE | |
| ESCROW | 0 00 | 124,853.98 | AMOUNTS DISBURSED |

| | |
|---|---|
| TAXES | |
| HAZARD INSURANCE | |
| FLOOD INSURANCE | |
| MI OR FHA INSURANCE | |
| OTHER ESCROW | |

MICHAEL S. CALLOWAY
CATHERINE L. CALLOWAY
514 KING STREET
LAUREL                    DE 199560000

SEE BELOW FOR AN IMPORTANT MESSAGE CONCERNING IRS REPORTING

| | |
|---|---|
| BOX 3 Δ INT. ADJUSTMENT | |
| BOX 2 Δ POINTS TO IRS | |
| BOX 1 Δ INT. REP. TO IRS | 2,279.93 |

# SUBSTITUTE FORM 1098 – COPY B

THIS INFORMATION IS BEING REPORTED TO THE INTERNAL REVENUE SERVICE. THE INTEREST AMOUNT, POINTS PAID DIRECTLY/INTEREST POINTS AND REFUND OF OVERPAID INTEREST AS SHOWN ABOVE IS IMPORTANT TAX INFORMATION AND IS BEING REPORTED TO THE IRS. THE AMOUNT SHOWN MAY NOT BE FULLY DEDUCTIBLE BY YOU ON YOUR FEDERAL INCOME TAX RETURN. LIMITATIONS BASED ON THE COST AND VALUE OF THE SECURED PROPERTY MAY APPLY. IN ADDITION, YOU MAY ONLY DEDUCT AN AMOUNT OF MORTGAGE INTEREST TO THE EXTENT IT WAS INCURRED BY YOU, ACTUALLY PAID BY YOU, AND NOT REIMBURSED BY ANOTHER PERSON.

IF YOU ARE REQUIRED TO FILE A RETURN, A NEGLIGENCE PENALTY OR OTHER SANCTION WILL BE IMPOSED ON YOU IF THE IRS DETERMINES THAT AN UNDERPAYMENT OF TAX RESULTS BECAUSE YOU OVERSTATED A DEDUCTION FOR THIS MORTGAGE INTEREST ON YOUR RETURN.

**INSTRUCTIONS FOR PAYER/BORROWER**

A person (including a financial institution, a governmental unit, and a cooperative housing corporation) who is engaged in a trade or business and, in the course of such trade or business, received from you at least $600 of mortgage interest (including certain points) on any one mortgage in the calendar year must furnish this statement to you.

If you received this statement as the payer of record on a mortgage on which there are other borrowers entitled to a deduction for the interest and points shown on this form, please furnish each of the other borrowers with information about the proper distribution of these amounts. Each borrower is entitled to deduct only the amount he or she paid that represents his or her share of the amount allowable as a deduction for mortgage interest and points.

If your mortgage payments were subsidized by a government agency, you may not be able to deduct the amount of the subsidy.

**BOX 1 Δ  INTEREST PAID (YTD)** - Shows the mortgage interest received by the interest recipient during the year. This amount includes interest on any obligation secured by real property, including a home equity, line of credit, or credit card loan. This amount does not include points, government subsidy payments or seller payments on a "buy-down" mortgage. Such amounts are deductible by you only in certain circumstances. **Caution:** If you prepaid interest that accrued in full by January 15, this prepaid interest may be included in. However, even though the prepaid amount may be included you cannot deduct the prepaid amount.

For more information, see Pub. 936, Home Mortgage Interest Deduction. If you are a mortgage credit certificate holder who can claim the mortgage interest credit, see Form 8396, Mortgage Interest Credit. If the interest was paid on a mortgage, home equity, line of credit, or credit card loan secured by your personal residence, you may be subject to a deduction limitation as explained in the instructions for Schedule A (Form 1040).

**BOX 2 Δ POINTS PAID DIRECTLY/INTEREST POINTS** - Shows points you paid directly this year for the purchase of your principal residence. Generally, these points are fully deductible in the year paid. Other points not reported in this box may be deductible. See Pub. 936. Also see your Form 1040 instructions.

**BOX 3 Δ REFUND OF OVERPAID INTEREST** - Do not deduct this amount. It is a refund (or credit) from the interest recipient/lender for overpayment(s) of interest you made in a prior year or years. You should also receive information showing the year(s) you made the overpayment(s) and, if the refund is for more than 1 year, the amount for each year. Generally, report the total amount shown on your Form 1040. If you itemize deductions in the year(s) shown and the interest was used to reduce your tax for that year(s). Report it on the line for "Other Income" on your Form 1040 and label it "Interest Refund". Do not report the refund as income if you did not itemize deductions in the year(s) you paid the interest. No adjustments to your prior year(s) tax return(s) is necessary. For more information, see Pub. 525, Taxable and Nontaxable Income.

FORM MS/SLR (11/86)

# EXHIBIT "A"

## (PART 3 OF 3)

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
FOR SUSSEX COUNTY

<span style="color:red">EFILED Mar 14 2008  6:00PM EDT<br>Transaction ID 18983427<br>Case No. 08C-03-011 RFS</span>

CATHERINE CALLOWAY and
MICHAEL CALLOWAY,

        Plaintiffs,

v.

GREEN TREE SERVICING, LLC

        Defendants.

\* C.A. No.

\*

\* Non Arbitration

\* Jury Trial Demanded

\*PLAINTIFF REQUIRES THAT DEFENDANT
\*ANSWER ALL ALLEGATIONS OF THE
\*COMPLAINT\*BY AFFIDAVIT SETTING
\*FORTH THE SPECIFIC
\*NATURE AND CHARACTER OF ANY
\*DEFENSE AND THE FACTUAL BASIS
\*THEREFORE PURSUANT TO
\*10 DEL. C. §3901

### CERTIFICATE OF VALUE

I, Maggie Clausell, Esquire, attorney for the Plaintiffs, hereby certify in good faith at this time in my opinion that the sum of damages of all Plaintiffs is in excess of $100,000, exclusive of costs and interests.

LAW OFFICE OF MAGGIE CLAUSELL, LLC

Maggie Clausell, Esq. (#4532)
Attorney for the Plaintiff
9 East Loockerman Street, Suite 205
Dover, DE 19901
302-678-7644 (voice)
302-678-0771 (fax)

DATED: March 13, 2008

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE EFiled: Mar 14 2008 6:00PM EDT
FOR SUSSEX COUNTY

Transaction ID 18983427
Case No. 08C-03-011 RFS

CATHERINE CALLOWAY AND
MICHAEL CALLOWAY,

      Plaintiffs,

v.

GREEN TREE SERVICING, LLC

      Defendants.

\*
\* C.A. No.
\*
\* Non Arbitration
\*
\* Jury Trial Demanded
\*
\*PLAINTIFF REQUIRES THAT DEFENDANT
\*ANSWER ALL ALLEGATIONS OF THE
\*COMPLAINT\*BY AFFIDAVIT SETTING
\*FORTH THE SPECIFIC
\*NATURE AND CHARACTER OF ANY
\*DEFENSE AND THE FACTUAL BASIS
\*THEREFORE PURSUANT TO
\*10 DEL. C. §3901

TO:    Prothonotary
       Kent County
       38 The Green
       Dover, DE 19977

Please issue Summons to the Sheriff of New Castle County to effect service of the Summons
and Complaint upon the Defendant as follows:

Green Tree Servicing LLC
The Corporation Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

LAW OFFICE OF MAGGIE CLAUSELL, LLC
_____
Maggie Clausell, Esq. (#4532)
Attorney for the Plaintiff
9 East Loockerman Street, Suite 205
Dover, DE 19901
302-678-7644 (voice)
302-678-0771 (fax)

DATED: March 13, 2008

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE IN AND 2008  6:00PM EDT
FOR SUSSEX COUNTY

Transaction ID 18983427
Case No. 08C-03-011 RFS



| | |
|---|---|
| CATHERINE CALLOWAY AND<br>MICHAEL CALLOWAY, | *<br>* C.A. No.<br>* |
| Plaintiffs, | * Non Arbitration |
| v. | * Jury Trial Demanded |
| GREEN TREE SERVICING, LLC | *PLAINTIFF REQUIRES THAT DEFENDANT<br>*ANSWER ALL ALLEGATIONS OF THE |
| Defendants. | *COMPLAINT*BY AFFIDAVIT SETTING<br>*FORTH THE SPECIFIC<br>*NATURE AND CHARACTER OF ANY<br>*DEFENSE AND THE FACTUAL BASIS<br>*THEREFORE PURSUANT TO<br>*10 <u>DEL</u>. <u>C</u>. §3901 |

## SUMMONS

THE STATE OF DELAWARE,
TO THE SHERIFF OF SUSSEX COUNTY
YOU ARE COMMANDED

    To summon the above named Defendant Green Tree Servicing, LLC so that within 20 days after service hereof upon Defendant, exclusive of the day of service, Defendant shall serve upon Maggie Clausell, Esq., Plaintiffs' attorney, whose address is 9 E. Loockerman Street, Ste. 205, Dover, DE19901, an answer to the complaint (and if an affidavit of demand has been filed, an affidavit of defense).

    Tp serve upon a Defendant, a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by the Plaintiff)

DATED: _____

**LISA ROBINSON**
Prothonotary

_____
*Per Deputy*

TO THE ABOVE NAMED DEFENDANT:
in case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

**LISA ROBINSON**
Prothonotary

_____
*Per Deputy*

EFiled: Apr 7 2008 10:39AM EDT
Transaction ID 19288382
Case No. 08C-03-011 RFS



April 2, 2008

OFFICE OF THE SHERIFF

Served a copy the within writ, a copy of the Summons and Complaint upon GREEN TREE SERVICING LLC

By serving the same and leaving a copy thereof with SCOTT LA SCALA, at CORPORATION TRUST COMPANY 1209 ORANGE STREET, THE CORPORATION COMPANY WILMINGTON, DE 19801, on 4/1/2008 at 11:15AM.

Fees Paid: $30.00

Civil Action # 08C-03-011S
Per: Deputy Sheriff, Carl D Pace III

SO ANS;
SHERIFF

WRIT RET. 4-3-08

PER: Doreen Simmons

Document #: 08006260

FILED PROTHONOTARY OFFICE
2008 APR -4  AM 11: 43

JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Catherine Calloway and Michael Calloway
514 King St.
Laurel, DE  19956

(b) County of Residence of First Listed Plaintiff  Sussex County, DE
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Green Tree Servicing LLC
332 Minnesota St.
St. Paul, MN  55101

County of Residence of First Listed  Ramsey County, MN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Maggie Clausell (#4532), Law Office of Maggie Clausell, LLC
9 E. Lockerman St, Suite 205, Dover, DE,  19901
(302) 678-7644

Attorneys (If Known)

Albert H. Manwaring, IV (#4339), Pepper Hamilton, LLP
Hercules Plaza, Suite 5100, 1313 N Market St, PO Box 1709
Wilmington, DE 19899    (302) 777-6500

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☑ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury— Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☑ 890 Other Statutory Actions |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Complaint alleges violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601–2617.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 2,125,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
04/21/2008

SIGNATURE OF ATTORNEY OF RECORD
Albert H. Manwaring, IV (#4339)

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

# **ACKNOWLEDGMENT**
# **OF  RECEIPT  FOR AO FORM  85**

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_____
(Date forms issued)

4/21/08

_____
(Signature of Party or their Representative)

FRANK  JOYCE / PARCELS  IN) C.
(Printed name of Party of their Representative)

Note: Completed receipt will be filed in the Civil Action