

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE CALLOWAY and MICHAEL CALLOWAY, | * * * |
| Plaintiffs, | * CIVIL ACTION NO. 08-224-SLR * |
| v. | * JURY TRIAL DEMANDED * |
| GREEN TREE SERVICING, LLC | * * |
| Defendant. | * * * |

**OPENING BRIEF IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 15.1 Plaintiffs submit this Opening Brief in support of their motion to file an amended complaint.

**PROCEDURAL POSTURE**

Plaintiffs Catherine and Michael Calloway filed a complaint against the Defendant Green Tree Servicing, LLC on or about March 10, 2008 in the Superior Court of Delaware in and for Sussex County. Plaintiffs allege violations of the Real Estate Settlement Procedures Act (RESPA), negligence, Breach of Contract, violation of the Delaware Consumer Fraud Statute, conversion and breach of the covenant of good faith and fair dealing arising from the servicing of the Plaintiffs' mortgage.

Defendant removed this action to the United States District Court for the District of Delaware on April 21, 2008 on the basis of federal jurisdiction over a federal statute (Notice of Removal, D.I. #1, ¶¶4-8).

Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) on or about April 28, 2008 (D.I #4).

## SUMMARY OF ARGUMENT

Federal Rule of Civil Procedure 15(a) contemplates that a court will freely grant leave to file an amended complaint when the interest of justice so requires. Granting this motion will allow the Plaintiffs to describe in further details Plaintiffs' grievances against Defendant and eliminates claims that are not properly before this Court and would waste the Court's time.

In the original complaint, Plaintiffs averred grievances that occurred prior to the June 2003 Section 363 "free and clear" sale of assets from Conseco Finance Corporation for whom Defendant is a successor in interest. Plaintiff now amends the complaint to include only claims against the Defendant that occurred after the 2003 Section 363 sale, and thereby eliminate the need to litigate the issue of successor liability. Plaintiffs also amend the complaint to clarify the specific provision of the RESPA that Defendants violated.

## STATEMENT OF FACTS

Plaintiffs are the current record owners of the mortgaged Property at 514 King Street, Laurel, DE 19956, whose mortgage is serviced by Green Tree Servicing.

Plaintiffs executed a mortgage with Green Tree Financial Services (hereinafter, "GTFS") on or about October 9, 1996. On October 9, 1996 Plaintiffs

executed a note with Green Tree Financial Services, agreeing to pay $125,000 plus interest. The monthly payment and interest was $1285.98, with the first payment due on November 14, 1996. Plaintiff commenced payments under the terms of the note and mortgage on November 14, 1996.

Green Tree Mortgage, LLC, a subsidiary of GTFS, serviced the mortgage from October 11, 1996 to 1999 when Conseco Finance Servicing Corporation (hereinafter, "Conseco") began servicing the loan. Conseco serviced the loan from serviced the loan from 1999 to June 2003. Conseco Finance Corporation filed bankruptcy in 2003. Green Tree Servicing, LLC acquired servicing rights to Plaintiffs' mortgage on or about June 22, 2003 through a §363 bankruptcy asset sale. Plaintiffs' claims in the amended complaint arose after the 2003 sale by Conseco Finance Corporation.

Plaintiffs allege that Green Tree Servicing, LLC failed to properly apply payments, incorrectly calculated their interest payments, purchased forced place insurance for them, and failed to respond to their qualified requests for information under RESPA.

Attached to this memorandum is a comparison copy of the amended complaint that shows the changes to the original complaint. These changes remove claims that occurred prior to 2003 when Green Tree Servicing, LLC avers no liability for its predecessor's conduct.

## ARGUMENT

1. **The Efficient Administration of Justice Requires That Plaintiffs be Granted Leave to File an Amended Complaint**

    The amended complaint removes Plaintiffs' claims that occurred prior to 2003. As a result, there is no need to debate the due process issues relating to Plaintiffs' lack of notice regarding Conseco's bankruptcy filing, or Green Tree's successor liability. This narrows the scope of issues to be presented for litigation.

2. **Defendant Will Not Suffer Substantial Prejudice, and There is no Other Reason Plaintiffs Should Not be permitted to Amend**

    The U.S. Supreme Court has ruled that in the absence of undue delay, bad faith or dilatory motive, undue prejudice or the futility of amendment, the leave sought should be freely given. *Foman v. Davis,* 371 U.S. 178, 182 (1962). No prejudice exists in this case since Defendant are aware of the facts since it raised the issue of the timing of Plaintiffs' claim in their Motion to Dismiss (D. I. #4). None of the other Foman factors is implicated in this amendment.

    The amended complaint does not state any new cause of action, but simply remove claims that are not properly before the Court.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to File an Amended Complaint should be granted.

                                              **LAW OFFICE OF MAGGIE CLAUSELL, LLC**
                                                                       /s/ Maggie Clausell
                                                            _____
                                     Maggie R. Clausell, Esq. (DE Bar ID # 4532)
                                                      9 E. Loockerman Street Ste 205
                                                                Dover, DE 19901
                                                                302-678-7644 (voice)
                                                              maggie@clauselllaw.com
                                                                    *Attorney for Plaintiffs*

Dated: June 5, 2008