IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE CALLOWAY and<br>MICHAEL CALLOWAY, | *<br>*<br>* |
| Plaintiffs, | * CIVIL ACTION NO.  08-224-SLR<br>* |
| v. | * JURY TRIAL DEMANDED<br>* |
| GREEN TREE SERVICING, LLC | *<br>* |
| Defendant. | *<br>*<br>* |

## PLAINTIFFS' OPENING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Maggie Ruth Clausell,
DE Bar ID # 4532
LAW OFFICE OF MAGGIE CLAUSELL, LLC
9 E. Loockerman Street, Ste. 205
Dover, DE 19901
302-678-7644 (voice)
302-678-0771 (fax)
maggie@clauselllaw.com
Attorney for the Plaintiffs

DATED:  June 5, 2008

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ............................................................ ii

I.    NATURE AND STAGE OF PROCEEDINGS.......................... 1

II.   SUMMARY OF ARGUMENT................................................ 1

III.  STATEMENT OF FACTS..................................................... 2

     A. Factual Background and Procedural History ................... 2
     B. Plaintiffs' Claims............................................................ 3

IV.   ARGUMENT........................................................................ 4

A..   Standard of Review .......................................................... 4

B-C.  Plaintiffs Have Motioned to Amend Their Complaint
      To Remove all Pre-June 2003 Claims.................................. 5

D.    Plaintiffs' Claims Are Not Time Barred ................................. 5

E.    Amendment of Plaintiffs' Complaint Would Not Be
      Futile ..................................................................................... 5

V.    CONCLUSION ..................................................................... 6

i

## TABLE OF AUTHORITIES

Cases

Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d,
1406, 1409 (3d Cir. 1991)...................................................................4

Monroe Park v. Metropolitan Life Ins. Co.,
457 A.2d 734, 737 (Del. 1983............................................................4

State ex rel. Secretary of DOT v. Regency Group, Inc.,
598 A.2d, 1123, 1129 (Del. Super. 1991) ..........................................4

Statutes

11 U. S. C. §363 (f)........................................................................1, 5

12 U. S. C. §2605 ...............................................................................3

12 U. S. C. §2614 ...............................................................................3

10 Del. C. §8106...........................................................................3, 4

10 Del. C §8119.................................................................................3

Rules

Fed. R. C. P. 12(b)(6) .......................................................................4

## I.  NATURE AND STAGE OF PROCEEDINGS

Plaintiffs Catherine and Michael Calloway filed a complaint the Defendant Green Tree Servicing, LLC (GFS) on or about March 10, 2008 in the Superior Court of Delaware in and For Sussex County, alleging violations of the Real Estate Settlement Procedures Act (RESPA), Breach of Contract, conversion, violations of the Delaware Consumer Fraud Statute and breach of the covenant of good faith and fair dealing arising from the servicing of the Plaintiffs' mortgage.

Defendant removed this action to the United States District Court for the District of Delaware on April 21, 2008 on the basis of federal jurisdiction over a federal statute (Notice of Removal, D.I. #1, ¶¶4-8).

Defendant GFS filed a Motion to Dismiss (MTD) pursuant to Federal Rule of Civil Procedure 12 (b)(6) on or about April 28, 2008 (D. I. #4).

Plaintiffs now file the following response in opposition to Defendant's Motion and Opening Brief.

Plaintiffs filed a Motion for Leave to File Amended Complaint on June 5, 2008 (D. I. #8 ).

## II.  SUMMARY OF ARGUMENT

Defendant's defense to Plaintiffs' claim is essentially that the Section §363(f) bankruptcy sale of Conseco's assets extinguished Conseco's liability. Because the Judicial Order provided for the "free and clear" sale of Conseco's assets, Defendant argues that it has no liability.  Plaintiffs have motioned for leave to file an amended complaint which asserts claims against the Defendant that arose after the 2003 bankruptcy sale of Conseco's assets.

1

III.    **STATEMENT OF FACTS**

Procedural History

Plaintiffs Catherine and Michael Calloway filed a complaint the Defendant Green Tree Servicing, LLC (GFS) on or about March 10, 2008 in the Superior Court of Delaware in and For Sussex County.  Plaintiffs alleged violations of the Real Estate Settlement Procedures Act (RESPA), Breach of Contract, conversion, violations of the Delaware Consumer Fraud Statute and breach of the covenant of good faith and fair dealing arising from the servicing of the Plaintiffs' mortgage.

Defendant removed this action to the United States District Court for the District of Delaware on April 21, 2008 on the basis of federal jurisdiction over a federal statute (Notice of Removal, D.I. #1, ¶¶4-8).

Defendant GFS filed a Motion to Dismiss (MTD) pursuant to Federal Rule of Civil Procedure 12 (b)(6) on or about April 28, 2008 (D. I. #4).

Plaintiffs now file the following response in opposition to Defendant's Motion and Opening Brief.

Plaintiffs filed a Motion for Leave to File Amended Complaint on June 5, 2008 (D. I. #8).

Plaintiffs' Claims

1.    Plaintiffs entered into a mortgage and promissory note with Green Tree Financial Services (GTFS) in October 1996.  Plaintiffs allege in their original complaint filed in state court that Green Tree Financial (GTFS) serviced the

2

mortgage for 1996 to 1999 and failed to apply six months of mortgage payments.[1]

Conseco serviced the mortgage from the period of 1999 to June 2003. From

about June 22, 2003 to the present, Plaintiffs' mortgage was serviced by Green

Tree Servicing LLC. During this period, Defendant failed to correctly apply

Plaintiffs' mortgage payment, and failed to respond to Plaintiffs' qualified requests

for information on their accounts pursuant to the Real Statement Settlement

Procedures Act (12 U. S. C. 2601 et. seq). Further, Defendant wrongfully

purchased forced place insurance for Plaintiffs, incorrectly calculated Plaintiffs'

interest charges and payment, and reported incorrect interest charges and

payment on Internal Revenue Service Form 1098.

2.      Plaintiffs have filed Motion for Leave to file Amended Complaint. The

amended complaint withdraws all claims against Defendant for its actions and

inactions prior to June 22, 2003 when it began servicing Plaintiffs' mortgage.

In the amended complaint, Plaintiffs sues Defendant for violations of 12 U. S. C.

§2605 (e)(1)(a) and 12 U. S. C. §2605 (e)(1)(b) of the RESPA (D.I. # 8, ¶¶ 17-

23). Claims under these have a 3-year statute of limitations on actions by

individuals (12 U.S. C. §2614). Plaintiffs filed this suit on March 10, 2008.

Defendant remains liable for misconduct that occurred since March 9, 2005.

        Plaintiffs' claims for consumer fraud and conversion are governed by 10

Del. C. § 8106 which provides a 3 year statute of limitation on personal actions.

Defendant remains liable for misconduct from March 9, 2005 to the present.

        Plaintiffs' claims for negligence are governed by 10 Del. C § 8106, not 10

Del. C. § 8119 as the Defendant states in its MTD (D. I. #4, pp. 12-13).

---

[1] This was in error. The mortgage was actually serviced by Green Tree Mortgage, a subsidiary of Green Tree Financial Services.

Therefore, Plaintiffs' claims that Defendant wrongfully calculated and reported its interest payments for 2003-2005 are not time barred.

Plaintiffs' claims for breach of contract and breach of the covenant of good faith and fair dealing arise from its failure to service the Plaintiffs' mortgage properly (D. I #8, ¶¶ 29-37). Since the mortgage is a document under seal 10 Del. C. 8106 does apply as a bar to this claim. The statute of limitations on actions based on the mortgage is 20 years.[2] Defendant remains liable for misconduct from on or about June 22, 2003 to the present.

Plaintiffs assert that none of the claims is time barred. Further, Plaintiffs allege that if the Defendants had responded to their qualified requests for information on their account, Plaintiff would have discovered violations earlier.

## V.    ARGUMENT

### A.    Standard of Review

In reviewing a Motion to Dismiss pursuant to Rule 12(b)(6), the Court must accept as true, all the material allegations in the complaint and must view the complaint in favor of the Plaintiffs. Claims may be dismissed under a 12(b)(6) motion only if the Plaintiffs cannot demonstrate any set of facts that would entitle them to relief. The moving party has the burden of persuading the Court of the same. (Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d, 1406, 1409 (3d Cir. 1991))

---

[2] 10 Del. C. § 8106 ("no action to recover a debt *not evidenced*...by an instrument under seal...shall be brought after the expiration of 3 years....") (Emphasis added); *Monroe Park v. Metropolitan Life Ins. Co.*, 457 A.2d 734, 737 (Del. 1983); *State ex rel. Secretary of DOT v. Regency Group, Inc.*, 598 A.2d, 1123, 1129 (Del. Super. 1991) (Actions upon instruments under seal are subject to the 20-year common law limitations period.).

B-C.    Plaintiffs Have Amended Their Complaint to Remove all Claims which

Occurred before the 2003 Section 363 Sale of Conseco assets which
Extinguished Plaintiffs' Claims Against Green Tree Servicing

Defendant's arguments with respect to the Plaintiffs' pre-2003 claims are

moot as Plaintiffs have withdrawn those claims.  In the proposed amended

complaint, Plaintiffs' claims are based of Defendants' inactions and actions after

June 22, 2003.

D.    Plaintiffs' Claims are Not Time Barred

Plaintiffs' have amended their complaint to withdraw all claims that arose

out of Green Tree's pre-2003 conduct.  All claims that remain relate to

Defendant's actions or inactions post June 22, 2003.

E.    The Court Should Not Dismiss Plaintiffs' Claim Without Granting Leave to
Amend

Defendant anticipated Plaintiffs' Motion for Leave to Amend.  To support

its argument that amendment would be futile, Defendant incorrectly asserts that

all of the misconduct in this case occurred prior to the §363 "free and clear sale"

of assets (D. I. #4, p. 21).  Plaintiffs have asserted that there was misconduct by

actions and inactions after Green Tree began servicing their mortgage in 2003.

Plaintiff amended complaint includes claims for post June 2003 servicing

abuses.

5

V.    CONCLUSION

For the foregoing reasons, Plaintiffs Calloway respectfully request that this

Court deny Defendant's motion to dismiss Plaintiffs' claims and allow the case to

move forward on the basis of the claims stated in the amended complaint.

Respectfully Submitted,

Maggie Clausell, Esq., DE Bar ID #4532
Law Office of Maggie Clausell, LLC
9 E. Loockerman Street, Ste. 205
Dover, DE 19901
302-678-7644 (voice)
302-678-0771 (fax)

DATED:  June 5, 2008

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CATHERINE CALLOWAY and      *
MICHAEL CALLOWAY,      *
     *
       Plaintiffs,      * CIVIL ACTION NO.  08-224-SLR
     *
v.      *
     *  JURY TRIAL DEMANDED
GREEN TREE SERVICING, LLC      *
     *
       Defendant.      *
     *
     *

## CERTIFICATE OF SERVICE

I, Maggie Clausell, hereby certify that on June 5, 2008, I caused a copy of the foregoing Plaintiffs' Opening Brief in Opposition to Defendant's Motion to Dismiss to be served with the Clerk of the Court, using CM/ECF, with automatic notification to Defendant's Counsel of record:

ALBERT H. MANWARING, IV
PEPPER HAMILTON LLP
HERCULES PLAZA SUITE 510
1313 MARKET STREET
POST OFFICE BOX 1709
WILMINGTON DE 19899-1709

LAW OFFICE OF MAGGIE CLAUSELL, LLC

Maggie Clausell, Esq.
Bar ID # 4532
9 E Loockerman Street, Ste 205
Dover, DE 19901
302-678-7644 (voice)
302-678-0771 (fax)

DATED:  June 5, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CATHERINE CALLOWAY and           *
MICHAEL CALLOWAY,                *
                                 *
            Plaintiffs,          * CIVIL ACTION NO.  08-224-SLR
                                 *
v.                               *
                                 * JURY TRIAL DEMANDED
GREEN TREE SERVICING, LLC        *
                                 *
            Defendant.           *
                                 *
                                 *

### CERTIFICATE OF SERVICE

I, Maggie Clausell, hereby certify that on June 5, 2008, I caused a copy of the foregoing Plaintiffs' Opening Brief in Opposition to Defendant's Motion to Dismiss to be served with the Clerk of the Court, using CM/ECF, with automatic notification to Defendant's Counsel of record:

ALBERT H. MANWARING, IV
PEPPER HAMILTON LLP
HERCULES PLAZA SUITE 510
1313 MARKET STREET
POST OFFICE BOX 1709
WILMINGTON DE 19899-1709

LAW OFFICE OF MAGGIE CLAUSELL, LLC

Maggie Clausell, Esq.
Bar ID # 4532
9 E Loockerman Street, Ste 205
Dover, DE 19901
302-678-7644 (voice)
302-678-0771 (fax)

DATED:  June 5, 2008