IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE CALLOWAY and MICHAEL CALLOWAY, | * * * |
| Plaintiffs, | * CIVIL ACTION NO. 08-224-SLR * |
| v. | * JURY TRIAL DEMANDED * |
| GREEN TREE SERVICING, LLC | * * |
| Defendant. | * * * |

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
MOTION FOR LEAVE TO AMEND COMPLAINT

Maggie Ruth Clausell,
DE Bar ID # 4532
LAW OFFICE OF MAGGIE CLAUSELL, LLC
9 E. Loockerman Street, Ste. 205
Dover, DE 19901
302-678-7644 (voice)
302-678-0771 (fax)
maggie@clauselllaw.com
Attorney for the Plaintiffs

DATED: June 27, 2008

# TABLE OF CONTENTS

                                                                                **PAGE**

TABLE OF AUTHORITIES ................................................................. ii

I. NATURE AND STAGE OF PROCEEDINGS ............................. 1

II. SUMMARY OF ARGUMENT ....................................................... 2

III. STATEMENT OF FACTS ............................................................. 3

IV. ARGUMENT .................................................................................. 4

    A. Plaintiffs Have Deleted All Claims for Misconduct Prior to June 22, 2003 ...................................................... 4

    B. Plaintiffs State Claims for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, RESPA violations, Negligence, Conversion, and Violation of the 6 Del. C. ¶2513 After June 22, 2003 ............ 5

    C. Plaintiffs State Claims for Misconduct After June 22, 2003 ...................................................................... 7

        1. Plaintiffs' Breach of Contract, Breach of Covenant and Good Faith and Fair Dealing and Negligence Claims are Premised on post June 22, 2003 conduct and therefore Amendment is not futile ................................................. 8

        2. Plaintiffs' Claims under RESPA and Delaware Consumer Fraud Statute are not futile ................................................. 9

    D. Amendment of Plaintiffs' Complaint Would Not Be Futile ........................................................................................ 9

V. CONCLUSION .......................................................................... 9-10

# TABLE OF AUTHORITIES

## Cases

*Di Baiase v. A & D, Inc.*, 351 A.2d. 865, 867 (Del. Super. 1976)............5

*Foman v. Davis*, 371 U. S. 178, 182 (1962) ................................................9

## Statutes

6 Del. C. §2513............................................................................................2, 7

11 U. S. C. §363 (f) ....................................................................................4, 5

12 U. S. C. §2614 ...........................................................................................5

10 Del. C. §8106............................................................................................5

I.  **NATURE AND STAGE OF PROCEEDINGS**

Plaintiffs Catherine and Michael Calloway filed a complaint against the Defendant Green Tree Servicing, LLC (GTS) on March 12, 2008 in the Superior Court of Delaware In and For Sussex County, alleging violations of the Real Estate Settlement Procedures Act (RESPA), Breach of Contract, conversion, violations of the Delaware Consumer Fraud Statute and breach of the covenant of good faith and fair dealing arising from the servicing of the Plaintiffs' mortgage.

Defendant removed this action to the United States District Court for the District of Delaware on April 21, 2008 on the basis of federal jurisdiction over a federal statute (Notice of Removal, D.I. #1, ¶¶4-8).

Defendant GTS filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) on or about April 28, 2008.

Parties stipulated to an extension of time for Plaintiffs to respond to Defendant's Motion to Dismiss (Stipulations D.I. #6, D.I. #7). Plaintiffs filed their Answering Brief in Opposition to Defendant's Motion to Dismiss (D.I. #10) and Motion for Leave to Amend Complaint (D.I. #8) and Opening Brief in Support of Motion for Leave to Amend Complaint on June 6, 2008 ((D.I. #9). Defendant Green Tree Servicing, LLC filed its combined Reply Brief in further support of its Motion to Dismiss and Answering Brief in opposition to Plaintiffs' Motion for Leave to Amend Complaint on June 17, 2008 (D.I. # 12).

Plaintiffs now file the following reply brief in further support of their Motion for Leave to Amend Complaint.

## II. SUMMARY OF ARGUMENT

Plaintiffs have filed a Motion for Leave to Amend its original complaint in this action by deleting all claims for misconduct in the servicing of Plaintiffs' mortgage prior to June 22, 2003. These claims are barred by the §363 "free and clear" sale of Conseco's assets to Green Tree Servicing, LLC. All of the claims in the amended complaint are based on Defendant's actions and inactions after it began servicing Plaintiffs' mortgage on June 22, 2003.

Despite Defendant's repeated assertions to the contrary, Plaintiffs have always maintained that Defendant Green Tree was liable for post June 22, 2003 mortgage servicing abuses. Defendant misstates Plaintiffs' case when it alleges that the claims are but repackaged allegations from the original complaint that only now attempt to make Defendant liable for post June 22, 2003 misconduct.

Plaintiffs specifically aver that all of its claims in the amended complaint are based on Defendant's post June 22, 2003 conduct. Plaintiffs' claims for negligence, conversion, and violation of the Delaware consumer fraud statute (6 Del. C. § 2513) are governed by a 3-year statute of limitation. Therefore, Plaintiffs' claims against Defendant are limited to its actions and inactions arising after March 13, 2005. Plaintiffs' allegations regarding Defendant's RESPA

violations related to its post March 13, 2005 conduct and are governed by a 3-year statute of limitation for the RESPA claim.

Plaintiffs' has stated claims for breach of contract, breach of the covenant of good faith and fair dealing, and negligence. These claims arise from a wide variety of mortgage servicing abuses, including Defendant's failure to calculate Plaintiffs' interest payment correctly from mid 2003 forward, the misapplication of the interest payments, the purchase of forced place insurance when Plaintiffs' property was insured, the misapplication of mortgage payments, and failure to service Plaintiffs' mortgage properly.

Plaintiffs also assert in the amended complaint that they have been unable to determine the extent of actual damages they have incurred because Green Tree Servicing, LLC failed to respond to qualified RESPA requests (D. I. #8, ¶¶ 21-23).

## III.  STATEMENT OF FACTS

On October 9, 1996 Plaintiffs executed a mortgage and note with Green Tree Financial Services (hereinafter "Green Tree Mortgage). The monthly payment and interest was $1285.98 with the first payment due on November 14, 1996. Plaintiff commenced payments under the terms of the note and mortgage on November 14, 1996. Green Tree Mortgage LLC serviced the note from October 11, 1996 to 1999 when Conseco Finance (hereinafter, "Conseco") began servicing the loan. Conseco serviced the loan from serviced the loan from 1999 to June 2003. Conseco filed bankruptcy in 2003. Green Tree Servicing, LLC

3

acquired servicing rights to Plaintiffs' mortgage on or about June 22, 2003. Plaintiffs filed a complaint against the Defendants on March 13, 2008 in the Superior Court of Delaware In and for Sussex County. Plaintiffs alleged violations of the Real Estate Settlement Procedures Act ("RESPA"), Breach of Contract, negligence, conversion, violations of the Delaware Consumer Fraud statute and breach of the covenant of good faith and fair dealing arising from the servicing of the Plaintiffs' mortgage.

Defendant removed this action to the United States District Court for the District of Delaware on April 21, 2008 on the basis of jurisdiction over a federal statute (Notice of Removal, D.I. #1 ¶¶4-8). Defendant filed a Motion to Dismiss on or about April 28, 2008 (D.I. #3). Plaintiffs filed a Motion for Leave to File an Amended Complaint on June 6, 2008 (D.I. #8). Defendant filed a combined reply (D. I. #12) to Plaintiffs' Answering Brief in opposition to the Motion to Dismiss (D. I. #10) and Motion for Leave to Amend on June 17, 2008 (D. I. #8). Defendant alleges in their combined response that there is a lack of evidence to provide a good faith factual basis to justify amendment of the Complaint (D. I. #12, pp. 3-4, ¶3). Plaintiffs deny that there is no good faith basis for their claims.

IV. ARGUMENT

A. **Plaintiffs Have Deleted all Claims for Misconduct prior to June 22, 2003**

Prior to June 22, 2003 Conseco serviced Plaintiffs' mortgage, but the §363 "free and clear" asset sale is a bar to the pre June 22, 2003 claims for misconduct. While Plaintiffs believe that Conseco, Green Tree Financial Services and Green

4

Tree Servicing, LLC are all one entity and liable for the servicing abuses suffered by the Plaintiffs, they are cognizant of the legal hurdles and costs involved in essentially relitigating the ruling from the bankruptcy court. Plaintiffs' received no notice of the Bankruptcy asset sale, and had no opportunity to object to it. Because of the sale and the §363 bar, they have no redress for their claims against Conseco for its conversion of nine months of mortgage payments.

In the amended complaint, Plaintiffs have removed all claims for misconduct that occurred prior to June 22, 2003. All the remaining claims relate to the wrongful conduct, either by action or by inaction, of Green Tree Servicing, LLC, and Conseco's successor in interest.

Plaintiffs' claims for RESPA violations are subject to a 3-year statute of limitation (12 U. S. C. §2614). Conversion, negligence, and violations of the Delaware Consumer Fraud Statute are governed by a 3-year statute of limitation (10 Del. C. §8106), and therefore claims for violations occurring prior to March 13, 2005 are barred. Plaintiffs' claims for breach of contract, breach of the covenant of fair dealing and negligent servicing of Plaintiffs' mortgage are governed a 20-year statute of limitation and are not time barred.[1]

---

[1] Delaware common law provides that when a document is executed under seal, such as a mortgage, the statute of limitation is 20 years. Di Baiase v. A & D, Inc., 351 A.2d 865, 867 (Del. Super. 1976).

B.     **Plaintiffs State Claims for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, RESPA violations, Negligence, Conversion, and Violation of the 6 Del. C. 2513 After June 22, 2003**

In its original complaint (D. I. #1, Exhibit A), Plaintiffs alleged mortgaging servicing abuses from the inception of the mortgage. The Plaintiffs' amended complaint (D. I. #8, Exhibit 4) is limited to post June 22, 2003 misconduct. Plaintiffs allege that Defendant failed to respond or to fully respond to a series of qualified requests under RESPA. Plaintiffs allege that Defendants negligently miscalculated and misreported their interest payments to the Internal Revenue Services for 2003, 2004, 2005 and 2006, creating potential tax liability for them (D. I. # 8, Exhibit 11). Plaintiffs alleged that Defendants then took more than $12,000 in interest payments (D. I. #8, Exhibit 15) and added it to principal balance in a manner that inflated the principal balance and amounted to a conversion of their mortgage payments.

Plaintiffs alleged that as late as January 2006, Defendant negligently and wrongfully purchased force placed insurance for them when at all times the property was fully insured (D. I. #8, Exhibit 9).

Plaintiffs allege in the amended complaint that Defendant's failure to correctly calculate and report their interest payments, the purchase of forced placed insurance, failure to respond to their RESPA requests, and the misapplication of mortgage and interest payment was a breach contract and the covenant of good faith and fair dealing (D. I. #8, Exhibit 4, ¶¶24-34; ¶¶ 45-46).

6

Plaintiffs allege that Defendant violated 6 <u>Del. C.</u> §2513 by failing to respond to questions about their account, by representing that the Plaintiffs were delinquent in payments when they were not and misapplying interest and mortgage payments (D. I. # 8, Exhibit 4, ¶¶38-39).

C. **Plaintiffs State Claims for Misconduct After June 22, 2003**

Defendant repeatedly misstates Plaintiffs claims when it asserts that Plaintiffs' claims are based on pre June 22, 2003 misconduct. Exhibit 9 of the Amended Complaint (D. I. #8) includes qualified RESPA requests of September 2, 2006, November 9, 2006, August 13, 2007, January 3, 2008 and January 17, 2008, to which Defendant either failed to respond to or provided incomplete responses.

In Defendant's combined reply brief to Plaintiff's Motion for Leave to Amend Complaint and Answering Brief in Opposition to Motion to Dismiss (D. I. #12, p. 13, ¶1), Defendant mistakenly alleges that Plaintiffs prepared Exhibit D of the original complaint, which it calls an unauthenticated spreadsheet. The Defendant asserts that Plaintiffs provided no explanation of what exactly the spreadsheet is, what it purports to demonstrate, or how it demonstrates the handling the miscalculated interest payment. Defendant provided this spreadsheet to Plaintiff in response to one of several qualified RESPA requests. Plaintiffs agree with Defendant that the spreadsheet is largely indecipherable and is useless other than to document what passes for a response to a qualified RESPA request. It contains no legend to explain the coding, does

not show the amortization of the mortgage, and does not help the consumer determine the status of the balance of the mortgage. The spreadsheet does not show how Defendant calculated and applied the $12,000 in corrected interest payment. Defendant's own observations help to make one of Plaintiffs' claims: that Defendant's response to Plaintiff's qualified RESPA request was inadequate within the meaning of the statute (D. I. #8, ¶¶17-23).

Plaintiffs have alleged that Defendant notified them in 2006 that their 2003, 2004, 2005 Form 1098 Interest statements were incorrect (D. I. #8, Exhibit 15). Plaintiffs have alleged that Defendant's negligent preparation of the Form 1098 statements and recalculation of its interest payment created tax liability for the Plaintiffs (D. I. # ¶¶26-28). Further, Plaintiffs have alleged Defendant failed to explain how the interest was recalculated and to provide a meaningful and cogent explanation of how that recalculated interest affected their principal balance, despite requests to do so (D. I. #8, Exhibit 9).

**1.    Plaintiffs' Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing and Negligence claims are premised on post June 22, 2003 conduct and therefore Amendment of the Complaint is not futile**

Plaintiffs have stated claims for post June 22, 2003 misconduct. Defendant breached its contract with Plaintiffs when it committed a series of mortgage servicing abuses, including the misapplication of mortgage payments, negligent calculation of its interest payments for 2003, 2004, and 2005, purchasing forced placed insurance when Plaintiffs' property was fully insured (D. I. #8, Ex. 4,

¶¶25-37). Defendant breached its covenant of good faith and fair dealing it failed to properly credit all of Plaintiffs' payments.

2. **Plaintiffs' Claims under RESPA and Delaware Consumer Fraud Statute Are not Futile**

Plaintiffs have stated a claim for post June 22, 2003 misconduct. Defendant either failed to respond to Plaintiffs' qualified requests for information, or responded with nearly indecipherable documents as Defendant admits in its open reply brief (D. I. #12, p. 13, ¶1).

D. **Amendment of the Plaintiffs' Complaint Would Not Be Futile**

The amended complaint removes Plaintiffs' claims that occurred prior to 2003 and narrows the scope of issues presented for litigation. The U.S. Supreme Court has ruled that in the absence of undue delay, bad faith or dilatory motive, undue prejudice or the futility of amendment, leave to amend should be freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of the other Foman factors is implicated in this amendment.

Because Plaintiffs have stated claims that can withstand a Motion to Dismiss, amendment is not futile.

V. **CONCLUSION**

Plaintiffs' original complaint states causes of action for misconduct in the servicing of Plaintiffs' mortgage which occurred from 1996 to the time of filing the complaint. As Plaintiffs' pre June 22, 2003 claims are barred by the §363 sale of Conseco's assets to Green Tree Servicing, LLC, Plaintiffs' amended

complaint is premised exclusively on post June 22, 2003 misconduct by Green Tree Servicing, LLC. While Defendant can escape liability for its predecessor's misconduct, it cannot escape liability for its own misconduct by attempting to cloud the issues by repeatedly and wrongfully asserting that Plaintiffs have not claimed post June 22, 2003 misconduct by Green Tree Servicing.

For the reasons argued in this reply brief, Plaintiffs' do hereby pray that the Court will grant the Motion for Leave to Amend Complaint.

                                                        **LAW OFFICE OF MAGGIE CLAUSELL, LLC,**
                                                                         /s/ Maggie Clausell
                                                  Maggie Clausell, DE Bar ID #4532
                                                  9 E Loockerman Street, Ste. 205
                                                               Dover, DE 19901
                                                             302.678.7644 (voice)
                                                              302.678.0771 (fax)

DATED: June 27, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CATHERINE CALLOWAY and MICHAEL CALLOWAY, | * * * |
| Plaintiffs, | * CIVIL ACTION NO. 08-224-SLR * |
| v. | * * JURY TRIAL DEMANDED |
| GREEN TREE SERVICING, LLC | * * |
| Defendant. | * * * |

## CERTIFICATE OF SERVICE

I, Maggie Clausell, hereby certify that on June 27, 2008, I caused a copy of the foregoing Plaintiffs' Reply Brief in Support of Motion for Leave to Amend Complaint to be served with the Clerk of the Court, using CM/ECF, with automatic notification to Defendant's Counsel of record:

ALBERT H. MANWARING, IV
PEPPER HAMILTON LLP
HERCULES PLAZA SUITE 510
1313 MARKET STREET
POST OFFICE BOX 1709
WILMINGTON DE 19899-1709

LAW OFFICE OF MAGGIE CLAUSELL, LLC
/s/ Maggie Clausell
_____
Maggie Clausell, Esq.
Bar ID # 4532
9 E Loockerman Street, Ste 205
Dover, DE 19901
302-678-7644 (voice)
302-678-0771 (fax)

DATED: June 27, 2008.