IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CATHERINE CALLOWAY and )
MICHAEL CALLOWAY, )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　　Plaintiffs, ) Civ. No. 08-224-SLR
　　　　　　　　　　　　　　　　　　　　 )
　　v. )
　　　　　　　　　　　　　　　　　　　　 )
GREEN TREE SERVICING, LLC, )
　　　　　　　　　　　　　　　　　　　　 )
　　　　　　Defendant. )

Maggie Clausell, Esquire, of Law Office of Maggie Clausell, LLC, Dover, Delaware. Counsel for Plaintiffs.

Albert H. Manwaring, IV, Esquire, and Maria L. Panichelli, Esquire, of Pepper Hamilton LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: February 18, 2009
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiffs Catherine Calloway and Michael Calloway brought this suit against defendant Green Tree Servicing, LLC, on or about March 13, 2008, in Delaware state court asserting claims for breach of contract; breach of the covenant of good faith and fair dealing; negligence; conversion; violation of the Delaware Consumer Fraud Act, 6 Del. C. § 2513; and violation of the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*; allegedly arising out of the servicing of plaintiffs' mortgage. (D.I. 1 at ex. A, Part 1) On the basis of the RESPA claim, defendant removed the suit to this court on April 21, 2008. (D.I. 2)

One week later, on April 28, 2008, defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiffs had failed to state a claim. (D.I. 3, 4) Specifically, defendant argued that plaintiffs' claims, as alleged, arose from a previous mortgage servicer's conduct prior to June 22, 2003 and, therefore, could not properly be maintained against defendant where: (1) defendant had on June 22, 2003, pursuant to 11 U.S.C. § 363(f), purchased the right to service plaintiffs' mortgage "free and clear" of all interests or claims that might have previously accrued; (2) plaintiffs had failed to allege defendant's liability for the conduct of its predecessor-in-interest; and (3) plaintiffs' claims were time-barred. (D.I. 4) Defendant also argued that amendment would be futile. (*Id.*)

In response, plaintiffs moved to amend their complaint. (D.I. 8, 9, 10) Plaintiffs' amended complaint retained all of the original claims, but amended the underlying allegations so that the claims were based, at least facially, on defendant's post-

purchase conduct starting in late June 2003 rather than on the previous servicer's conduct. (*See id.*)

Pending before the court are defendant's motion to dismiss (D.I. 3) and plaintiffs' motion for leave to amend their complaint (D.I. 8). The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1441. For the reasons that follow, the court denies defendant's motion and grants plaintiffs' motion.

## II. BACKGROUND

Plaintiffs are the current record owners of the property at 514 King Street, Laurel, Delaware. (D.I. 8 at ¶ 7) On or about October 9, 1996, plaintiffs executed a mortgage with Green Tree Financial Services ("GTFS"). (*Id.* at ¶ 8) That same day, plaintiffs executed a note with GTFS agreeing to pay $125,000 plus interest. (*Id.* at ¶ 9) Plaintiff's monthly payment was $1,285.98, with the first payment due on November 14, 1996. (*Id.* at ¶ 10) On November 14, 1996, plaintiffs started making payments under the terms of the note and mortgage. (*Id.* at ¶ 11)

Green Tree Mortgage, LLC ("GTM"), a subsidiary of GTFS, serviced the note from October 11, 1996 through 1999, at which point GTM changed its name to Conseco Finance Servicing Corporation ("Conseco"). (*Id.* at ¶ 12) Conseco (nee GTM) continued servicing plaintiffs' mortgage. (*Id.* at ¶ 13)

In December 2002, Conseco and its affiliated companies filed for bankruptcy. (D.I. 4 at ex. 2; *see also* D.I. 8 at ¶ 14) On or about June 22, 2003, defendant acquired from Conseco in a § 363 bankruptcy sale the servicing rights to plaintiffs' mortgage. (*Id.*)

Thereafter, defendant committed many errors in servicing plaintiffs' mortgage. In January 2006, plaintiffs learned that defendant had incorrectly calculated the interest payments reported on the IRS Form 1098 and subsequently added the reported interest overpayment of $12,000 back into the mortgage as principal without providing an accounting to plaintiffs. (D.I. 8 at ¶ 25) From July 2006 to July 2007, defendant purchased forced place insurance for plaintiffs even though plaintiffs had homeowners' insurance at all times. (Id. at ¶ 29) Defendant also assessed unwarranted late fees and escrow advances to plaintiffs' account and otherwise failed to properly credit interest payments to plaintiffs' account. (Id. at ¶¶ 29, 42)

Plaintiffs sent several letters to defendant between December 2005 and January 2008 requesting certain information regarding the servicing of their mortgage. (Id. at ¶ 18). Defendant either failed to respond to these requests or provided incomplete or non-responsive information. (Id. at ¶ 19)

## III. STANDARD OF REVIEW

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.[1] *See Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon

---

[1]"Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1959.

## IV. DISCUSSION

### A. Propriety of the Amended Complaint

Plaintiffs unnecessarily seek leave to amend their complaint. A party may amend its complaint once without the opposing party's consent or the court's leave if the party has not yet been served with a responsive pleading. Fed. R. Civ. P 15(a). A motion to dismiss is not a "responsive pleading" under Rule 15. *See, e.g., Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Therefore, defendant's motion to dismiss does not preclude plaintiffs from amending their complaint, for what is here the first time, as a matter of course. Nevertheless, the court grants plaintiffs' motion for leave to amend their complaint, inasmuch as granting the motion is necessary to take cognizance of the amended complaint for purposes of the record in this case.

### B. Defendant's Motion to Dismiss

Defendant's motion to dismiss is responsive to plaintiffs' original complaint. As the amended complaint has superseded the original, defendant's motion to dismiss has

become moot. Accordingly, the court dismisses defendant's motion.

Even treating defendant's motion to dismiss as responsive to the amended complaint, the court still concludes that the motion should be denied. Plaintiff alleges that defendant, *inter alia*, failed to properly credit payments, unnecessarily purchased forced place insurance, miscalculated interest payments for tax purposes, and failed to respond to inquiries. These allegations, while not detailed, are specific enough to put defendant on notice, and they are more than just legal conclusions or formulaic recitations. Accepting these allegations as true, it is more than speculative, *i.e.* it is plausible, that plaintiffs have raised a right to relief. Plaintiffs' amended complaint, then, passes muster under *Twombly*.[2]

## V. CONCLUSION

For the aforementioned reasons, the court denies defendant's motion to dismiss (D.I. 3) and grants plaintiffs' motion for leave to amend (D.I. 8). An appropriate order shall issue.

---

[2]To hold that plaintiffs' amended complaint is plausible, or passes muster under *Twombly*, is not to suggest that plaintiffs are likely to succeed. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 127 S. Ct. at 1965 (citations omitted). Here, the court recognizes that plaintiffs' amended complaint contains many of the same allegations as the original complaint and that these same allegations previously described pre-June 2003 conduct that likely would not state a claim against defendant; the court suspects that plaintiffs will struggle to prove their case, but that is not grounds for dismissal at this juncture.